# EXHIBIT 1

CALIFORNIA LEGISLATURE—1981–82 REGULAR SESSION

## ASSEMBLY BILL                                         No. 3483

### Introduced by Assemblyman Katz

### March 12, 1982

An act to repeal Chapter 4 (commencing with Section 14700) of Division 6 of the Business and Professions Code, and to amend Sections 980, 981, 982, and 983 of the Civil Code, relating to copyright.

LEGISLATIVE COUNSEL'S DIGEST

AB 3483, as introduced, Katz.   Copyright.

Existing state law relating to copyright has not been amended to reflect the enactment of the Federal Copyright Act of 1976, which became operative on January 1, 1978. The federal law contains a specific provision preempting any state law which grants or confers a legal or equitable right that is equivalent to any of the exclusive rights within the general scope of copyright in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright, whether created before or after January 1, 1978, and whether published or unpublished. Prior to January 1, 1978, state law regulated the copyright of unpublished works of authorship.

This bill would repeal existing provisions of state law (relating to the filing and recordation of original works of authorship, the performance of unpublished or undedicated operas without consent, the unauthorized distribution of works copyrighted under federal law or the common law or state copyright in unpublished works, joint ownership in unpublished works, the transfer of ownership in unpublished works, and the termination of common law copyright) which have become obsolete in view of the preemption thereof by the Federal Copyright Act of 1976.

99    40

(800) 666-1917    LEGISLATIVE INTENT SERVICE

AB 3483                    — 2 —

This bill would provide state copyright protection for works of authorship not protectable under federal law, including works of authorship that are not fixed in any tangible medium of expression, and sound recordings fixed prior to February 15, 1972, until February 15, 2047. (Some recordings fixed in a tangible medium of expression before February 15, 1972, are not affected by the preemptive provisions of federal law until February 15, 2047.) This bill also would grant exclusive ownership to the authors of such works of authorship and would provide for the joint ownership and transfer thereof.

Article XIII B of the California Constitution and Sections 2231 and 2234 of the Revenue and Taxation Code require the state to reimburse local agencies and school districts for certain costs mandated by the state. Other provisions require the Department of Finance to review statutes disclaiming these costs and provide, in certain cases, for making claims to the State Board of Control for reimbursement.

However, this bill would provide that no appropriation is made and no reimbursement is required by this act for a specified reason.

Vote: majority. Appropriation: no. Fiscal committee: yes. State-mandated local program: yes.

*The people of the State of California do enact as follows:*

1   SECTION 1.   Chapter 4 (commencing with Section
2   14700) of Division 6 of the Business and Professions Code
3   is repealed.
4   SEC. 2.   Section 980 of the Civil Code is amended to
5   read:
6   980.   ~~(a) The author or proprietor of any composition~~
7   ~~in letters or art has an exclusive ownership in the~~
8   ~~representation or expression thereof as against all persons~~
9   ~~except one who originally and independently creates the~~
10  ~~same or a similar composition.~~ *(a) (1) The author of any*
11  *original work of authorship that is not fixed in any*
12  *tangible medium of expression has an exclusive*
13  *ownership in the representation or expression thereof as*
14  *against all persons except one who orginally and*
15  *independently creates the same or similar work. A work*

LEGISLATIVE INTENT SERVICE   (800) 666-1917

99   60

1   *shall be considered not fixed when it is not embodied in*
2   *a tangible medium of expression or when its embodiment*
3   *in a tangible medium of expression is not sufficiently*
4   *permanent or stable to permit it to be perceived,*
5   *reproduced, or otherwise communicated for a period of*
6   *more than transitory duration, either directly or with the*
7   *aid of a machine or device.*
8   *(2) The author of an original work of authorship*
9   *consisting of a sound recording initially fixed prior to*
10   *February 15, 1972, has an exclusive ownership therein*
11   *until February 15, 2047, as against all persons except one*
12   *who independently makes or duplicates another sound*
13   *recording that does not directly or indirectly recapture*
14   *the actual sounds fixed in such prior sound recording, but*
15   *consists entirely of an independent fixation of other*
16   *sounds, even though such sounds imitate or simulate the*
17   *sounds contained in the prior sound recording.*
18   (b) The inventor or proprietor of any invention or
19   design, with or without delineation, or other graphical
20   representation, has an exclusive ownership therein, and
21   in the representation or expression thereof, which
22   continues so long as the invention or design and the
23   representations or expressions thereof made by him
24   remain in his possession.
25   SEC. 3. Section 981 of the Civil Code is amended to
26   read:
27   981. ~~(a) Unless otherwise agreed, a composition in~~
28   ~~letters or art in the production of which several persons~~
29   ~~are jointly concerned, is owned by them as follows:~~
30   ~~1. If the product is indivisible, in equal proportions.~~
31   ~~2. If it is divisible, in proportion to the contribution of~~
32   ~~each.~~ *(a) Unless otherwise agreed, an original work of*
33   *authorship not fixed in any tangible medium of*
34   *expression and in the creation of which several persons*
35   *are jointly concerned, is owned by them in equal*
36   *proportion.*
37   (b) Unless otherwise agreed, an invention or design in
38   the production of which several persons are jointly
39   concerned is owned by them as follows:
40   1.

LEGISLATIVE INTENT SERVICE    (800) 666-1917


99  80

AB 3483                              — 4 —

1    *(1)*  If the invention or design is single, in equal
2    proportions.
3       ~~2.~~
4    *(2)*  If it is not single, in proportion to the contribution
5    of each.
6       SEC. 4.   Section 982 of the Civil Code is amended to
7    read:
8       982.   ~~(a) The owner of any rights in any composition~~
9    ~~in letters or art, may transfer his ownership therein.~~
10   *(a) The owner of any rights in any original works of*
11   *authorship not fixed in any tangible medium of*
12   *expression may transfer the ownership therein.*
13      (b) The owner of any invention or design, or of any
14   representation or expression thereof, may transfer his *or*
15   *her* ~~property~~ *proprietary interest* in ~~the same~~ *it.*
16      (c) Notwithstanding any other provision in this
17   section, whenever a work of fine art is transferred,
18   whether by sale or on commission or otherwise, by or on
19   behalf of the artist who created it, or that artist's heir,
20   legatee, or personal representative, the right of
21   reproduction thereof is reserved to such artist or such
22   heir, legatee, or personal representative until it passes
23   into the public domain by act or operation of law, unless
24   that right is expressly transferred by a document in
25   writing in which reference is made to the specific right
26   of reproduction, signed by the owner of the rights
27   conveyed or that person's duly authorized agent. If ~~such~~
28   *the* transfer is pursuant to an employment relationship,
29   the right of reproduction is transferred to the employer,
30   unless it is expressly reserved in writing. If ~~such~~ *the*
31   transfer is pursuant to a legacy or inheritance, the right
32   of reproduction is transferred to the legatee or heir,
33   unless it is expressly reserved by will or codicil. Nothing
34   contained herein, however, shall be construed to prohibit
35   the fair use of such work of fine art.
36      (d) As used in subdivision (c):
37      (1) "Fine art" ~~shall mean~~ *means* any work of visual art,
38   including but not limited to, a drawing, painting,
39   sculpture, mosaic, or photograph, a work of calligraphy,
40   work of graphic art (including an etching, lithograph,

LEGISLATIVE INTENT SERVICE   (800) 666-1917

99   100

— 5 —                                    AB 3483

1 offset print, silk screen, or a work of graphic art of like
2 nature), crafts (including crafts in clay, textile, fiber,
3 wood, metal, plastic, and like materials), or mixed media
4 (including a collage, assemblage, or any combination of
5 the foregoing art media).
6   (2) "Artist" ~~shall mean~~ *means* the creator of a work of
7 fine art.
8   (3) "Right of reproduction", at the present state of
9 commerce and technology shall be interpreted as
10 including, but shall not be limited to, the following:
11 reproduction of works of fine art as prints suitable for
12 framing; facsimile casts of sculpture; reproductions used
13 for greeting cards; reproductions in general books and
14 magazines not devoted primarily to art, and in
15 newspapers in other than art or news sections, when such
16 reproductions in books, magazines, and newspapers are
17 used for purposes similar to those of material for which
18 the publishers customarily pay; art films; television,
19 except from stations operated for educational purposes,
20 or on programs for educational purposes from all stations;
21 and reproductions used in any form of advertising,
22 including magazines, calendars, newspapers, posters,
23 billboards, films or television.
24   (e) The amendments to this section made at the
25 1975–76 Regular Session shall only apply to transfers
26 made on or after January 1, 1976.
27   SEC. 5.  Section 983 of the Civil Code is amended to
28 read:
29   983.  ~~(a)  If the owner of a composition in letters or art~~
30 ~~publishes it the same may be used in any manner by any~~
31 ~~person, without responsiblility to the owner, insofar as~~
32 ~~the law of this State is concerned.~~
33   ~~(b)~~  If the owner of any invention or design
34 intentionally makes it public, a copy or reproduction may
35 be made public by any person, without responsiblily to
36 the owner, so far as the law of this ~~State~~ *state* is
37 concerned.
38   SEC. 6.  No  appropriation  is  made  and  no
39 reimbursement is required by this act pursuant to Section
40 6 of Article XIII B of the California Constitution or

LEGISLATIVE INTENT SERVICE     (800) 666-1917


AB 3483 — 6 —

1  Section 2231 or 2234 of the Revenue and Taxation Code
2  because the only costs which may be incurred by a local
3  agency or school district will be incurred because this act
4  creates a new crime or infraction, changes the definition
5  of a crime or infraction, changes the penalty for a crime
6  or infraction, or eliminates a crime or infraction.

99  130

## Assembly Bill No. 3483

## CHAPTER 574

An act to repeal Chapter 4 (commencing with Section 14700) of Division 6 of the Business and Professions Code, and to amend Sections 980, 981, 982, and 983 of the Civil Code, relating to copyright.

[Approved by Governor August 24, 1982. Filed with Secretary of State August 25, 1982.]

### LEGISLATIVE COUNSEL'S DIGEST

AB 3483, Katz.   Copyright.

Existing state law relating to copyright has not been amended to reflect the enactment of the Federal Copyright Act of 1976, which became operative on January 1, 1978. The federal law contains a specific provision preempting any state law which grants or confers a legal or equitable right that is equivalent to any of the exclusive rights within the general scope of copyright in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright, whether created before or after January 1, 1978, and whether published or unpublished. Prior to January 1, 1978, state law regulated the copyright of unpublished works of authorship.

This bill would repeal existing provisions of state law (relating to the filing and recordation of original works of authorship, the performance of unpublished or undedicated operas without consent, the unauthorized distribution of works copyrighted under federal law or the common law or state copyright in unpublished works, joint ownership in unpublished works, the transfer of ownership in unpublished works, and the termination of common law copyright) which have become obsolete in view of the preemption thereof by the Federal Copyright Act of 1976.

This bill would provide state copyright protection for works of authorship not protectable under federal law, including works of authorship that are not fixed in any tangible medium of expression, and sound recordings fixed prior to February 15, 1972, until February 15, 2047. (Some recordings fixed in a tangible medium of expression before February 15, 1972, are not affected by the preemptive provisions of federal law until February 15, 2047.) This bill also would grant exclusive ownership to the authors of such works of authorship and would provide for the joint ownership and transfer thereof.

Article XIII B of the California Constitution and Sections 2231 and 2234 of the Revenue and Taxation Code require the state to reimburse local agencies and school districts for certain costs mandated by the state. Other provisions require the Department of Finance to review statutes disclaiming these costs and provide, in certain cases, for making claims to the State Board of Control for

LEGISLATIVE INTENT SERVICE   (800) 666-1917

97   40



Ch. 574 — 2 —

reimbursement.

However, this bill would provide that no appropriation is made and no reimbursement is required by this act for a specified reason.

*The people of the State of California do enact as follows:*

SECTION 1.  Chapter 4 (commencing with Section 14700) of Division 6 of the Business and Professions Code is repealed.

SEC. 2.  Section 980 of the Civil Code is amended to read:

980.  (a) (1)  The author of any original work of authorship that is not fixed in any tangible medium of expression has an exclusive ownership in the representation or expression thereof as against all persons except one who orginally and independently creates the same or similar work. A work shall be considered not fixed when it is not embodied in a tangible medium of expression or when its embodiment in a tangible medium of expression is not sufficiently permanent or stable to permit it to be perceived, reproduced, or otherwise communicated for a period of more than transitory duration, either directly or with the aid of a machine or device.

(2)  The author of an original work of authorship consisting of a sound recording initially fixed prior to February 15, 1972, has an exclusive ownership therein until February 15, 2047, as against all persons except one who independently makes or duplicates another sound recording that does not directly or indirectly recapture the actual sounds fixed in such prior sound recording, but consists entirely of an independent fixation of other sounds, even though such sounds imitate or simulate the sounds contained in the prior sound recording.

(b)  The inventor or proprietor of any invention or design, with or without delineation, or other graphical representation, has an exclusive ownership therein, and in the representation or expression thereof, which continues so long as the invention or design and the representations or expressions thereof made by him remain in his possession.

SEC. 3.  Section 981 of the Civil Code is amended to read:

981.  (a)  Unless otherwise agreed, an original work of authorship not fixed in any tangible medium of expression and in the creation of which several persons are jointly concerned, is owned by them in equal proportion.

(b)  Unless otherwise agreed, an invention or design in the production of which several persons are jointly concerned is owned by them as follows:

(1)  If the invention or design is single, in equal proportions.

(2)  If it is not single, in proportion to the contribution of each.

SEC. 4.  Section 982 of the Civil Code is amended to read:

982.  (a)  The owner of any rights in any original works of authorship not fixed in any tangible medium of expression may transfer the ownership therein.

LEGISLATIVE INTENT SERVICE    (800) 666-1917

97  80

(b) The owner of any invention or design, or of any representation or expression thereof, may transfer his or her proprietary interest in it.

(c) Notwithstanding any other provision in this section, whenever a work of fine art is transferred, whether by sale or on commission or otherwise, by or on behalf of the artist who created it, or that artist's heir, legatee, or personal representative, the right of reproduction thereof is reserved to such artist or such heir, legatee, or personal representative until it passes into the public domain by act or operation of law, unless that right is expressly transferred by a document in writing in which reference is made to the specific right of reproduction, signed by the owner of the rights conveyed or that person's duly authorized agent. If the transfer is pursuant to an employment relationship, the right of reproduction is transferred to the employer, unless it is expressly reserved in writing. If the transfer is pursuant to a legacy or inheritance, the right of reproduction is transferred to the legatee or heir, unless it is expressly reserved by will or codicil. Nothing contained herein, however, shall be construed to prohibit the fair use of such work of fine art.

(d) As used in subdivision (c):

(1) "Fine art" means any work of visual art, including but not limited to, a drawing, painting, sculpture, mosaic, or photograph, a work of calligraphy, work of graphic art (including an etching, lithograph, offset print, silk screen, or a work of graphic art of like nature), crafts (including crafts in clay, textile, fiber, wood, metal, plastic, and like materials), or mixed media (including a collage, assemblage, or any combination of the foregoing art media).

(2) "Artist" means the creator of a work of fine art.

(3) "Right of reproduction", at the present state of commerce and technology shall be interpreted as including, but shall not be limited to, the following: reproduction of works of fine art as prints suitable for framing; facsimile casts of sculpture; reproductions used for greeting cards; reproductions in general books and magazines not devoted primarily to art, and in newspapers in other than art or news sections, when such reproductions in books, magazines, and newspapers are used for purposes similar to those of material for which the publishers customarily pay; art films; television, except from stations operated for educational purposes, or on programs for educational purposes from all stations; and reproductions used in any form of advertising, including magazines, calendars, newspapers, posters, billboards, films or television.

(e) The amendments to this section made at the 1975–76 Regular Session shall only apply to transfers made on or after January 1, 1976.

SEC. 5.   Section 983 of the Civil Code is amended to read:

983.   If the owner of any invention or design intentionally makes it public, a copy or reproduction may be made public by any person, without responsiblily to the owner, so far as the law of this state is concerned.

(800) 666-1917   LEGISLATIVE INTENT SERVICE

97   100

Ch. 574 — 4 —

SEC. 6. No appropriation is made and no reimbursement is required by this act pursuant to Section 6 of Article XIII B of the California Constitution or Section 2231 or 2234 of the Revenue and Taxation Code because the only costs which may be incurred by a local agency or school district will be incurred because this act creates a new crime or infraction, changes the definition of a crime or infraction, changes the penalty for a crime or infraction, or eliminates a crime or infraction.



LEGISLATIVE INTENT SERVICE    (800) 666-1917

97   110

**VOLUME 2**

KELLER & STALLARD
P. O. BOX 1817
WOODLAND, CA 95695

CALIFORNIA LEGISLATURE

AT SACRAMENTO

1981–82 REGULAR SESSION
1981–82 FIRST EXTRAORDINARY SESSION

———

# ASSEMBLY FINAL HISTORY

### SYNOPSIS OF

ASSEMBLY BILLS, CONSTITUTIONAL AMENDMENTS, CONCURRENT,

JOINT, AND HOUSE RESOLUTIONS

———

Assembly Convened December 1, 1980

| | |
|---|---|
| Recessed December 2, 1980 | Reconvened January 5, 1981 |
| Recessed April 9, 1981 | Reconvened April 20, 1981 |
| Recessed July 7, 1981 | Reconvened July 10, 1981 |
| Recessed July 10, 1981 | Reconvened August 10, 1981 |
| Recessed September 15, 1981 | Reconvened January 4, 1982 |
| Recessed April 1, 1982 | Reconvened April 12, 1982 |
| Recessed June 30, 1982 | Reconvened August 2, 1982 |

Adjourned September 1, 1982
Adjourned Sine Die November 30, 1982

Legislative Days.................................................................................. 248

———

HON. WILLIE L. BROWN, JR.
*Speaker*

HON. LEO T. McCARTHY
*Speaker pro Tempore*

HON. TOM BANE
*Assistant Speaker pro Tempore*

HON. MIKE ROOS
*Majority Floor Leader*

HON. ROBERT W. NAYLOR
*Minority Floor Leader*

*Compiled Under the Direction of*
JAMES D. DRISCOLL
*Chief Clerk*

GUNVOR ENGLE
*History Clerk*

LEGISLATIVE INTENT SERVICE     (800) 666-1917

LIS - 2

Page 11

2150                    ASSEMBLY FINAL HISTORY

**A.B. No. 3482—Ingalls.**

An act to amend Sections 2551.3, 2557, 2558, 14002, 14020, 23401, 41301, 42238, 49536, 56713, 56723, and 60246 of, the Education Code, to repeal and add Sections 16113 and 68203 of, and to repeal Sections 13887.5 and 16113.1 of, the Government Code, to repeal and add Section 255.3 of the Health and Safety Code, to repeal and add Sections 7102 and 20385 of the Revenue and Taxation Code, and to amend Sections 11450, 11452, 12200, 12203, 12303.5, 12304, 13920, 13921, 14106, and 16702 of, to add Section 14105.8 to, and to repeal Sections 11453 and 12201 of, the Welfare and Institutions Code, relating to fiscal affairs, and declaring the urgency thereof, to take effect immediately.

**1982**

Mar.    12—Introduced. To print.
Mar.    13—From printer. May be heard in committee April 12.
Mar.    15—Read first time.
Mar.    23—Referred to Com. on W. & M.
June     3—Joint Rule 61 suspended.
June     9—In committee: Set, first hearing. Failed passage.
Nov.    30—From committee without further action.

**A.B. No. 3483—Katz.**

An act to repeal Chapter 4 (commencing with Section 14700) of Division 6 of the Business and Professions Code, and to amend Sections 980, 981, 982, and 983 of the Civil Code, relating to copyright.

**1982**

Mar.    12—Introduced. To print.
Mar.    13—From printer. May be heard in committee April 12.
Mar.    15—Read first time.
Mar.    23—Referred to Com. on JUD.
April   15—From committee: Do pass, and re-refer to Com. on W. & M. with recommendation: To Consent Calendar. Re-referred to Com. on W. & M. (Ayes 12. Noes 0.)  (April 14.)
May     28—From committee: Do pass. To Consent Calendar. (May 27.)
June     1—Read second time. To Consent Calendar.
June     3—Read third time, passed, and to Senate. (Ayes 66. Noes 0. Page 14067.)
June     3—In Senate. Read first time. To Com. on RLS. for assignment.
June    11—Referred to Com. on JUD.
Aug.     2—From committee: Do pass, and re-refer to Com. on FIN. with recommendation: To Consent Calendar. Re-referred to Com. on FIN. (Ayes 6. Noes 0.)
Aug.     4—From committee: Be placed on second reading file pursuant to Senate Rule 28.8 and to Consent Calendar.
Aug.     5—Read second time. To Consent Calendar.
Aug.    10—Read third time, passed, and to Assembly. (Ayes 38. Noes 0. Page 12709.)
Aug.    11—In Assembly. To enrollment.
Aug.    13—Enrolled and to the Governor at 4 p.m.
Aug.    24—Approved by the Governor.
Aug.    25—Chaptered by Secretary of State—Chapter 574, Statutes of 1982.

LEGISLATIVE INTENT SERVICE   (800) 666-1917



Case 2:14-cv-07648-PSG-RZ   Document 22-3   Filed 12/19/14   Page 14 of 72   Page ID #:146

ASSEMBLY COMMITTEE ON JUDICIARY

ELIHU M. HARRIS, Chairman

AB 3483

AB 3483 (Katz)   As introduced 3/12/82

SUBJECT

This bill would conform California copyright law to the
provisions of the Federal Copyright Act of 1976.

DIGEST

Existing federal law preempts the common law or statutes of
any state that grant rights equivalent to any of the ex-
clusive rights of copyright (reproduction, adaptation, dis-
tribution, public performance, or public display) in original
works of authorship that are fixed in a tangible medium of
expression and come within the subject matter of copyright.
It provides for statutory preemption whether the work is
created before or after January 1, 1978 and whether the
work is published or unpublished.  (17 USC Section 301)
The Federal Copyright Act of 1976 took effect on January 1,
1978.  (17 USC Section 101 et seq.)

This bill would make several changes in California copy-
right law:

1.   It would repeal California copyright statutes
     made obsolete by federal preemption.

2.   It would provide state copyright protection for
     works of authorship left unprotected under fed-
     eral law.  State copyright would be provided
     only in original works of authorship that are
     not fixed in any tangible medium of expression,
     and exclusive ownership would be granted to
     authors.  The bill would specify when a work
     shall be considered "not fixed."

     Unless otherwise agreed, an original work of
     authorship not fixed in a tangible medium of
     expression, which is jointly created by several
     persons, would be owned by them equally.

     The owner of any rights in an original work of
     authorship not fixed in a tangible medium of
     expression could transfer his or her ownership.

                                        (CONTINUED)



Consultant L. Young                              AB 3483
4/14/82                          LIS - 3

                                               Page 13

3.  It would maintain rights and remedies in sound
    recordings fixed prior to February 15, 1972
    until February 15, 2047 (the designated time for
    their preemption under 17 USC Section 301).

STAFF COMMENTS

1.  The source of this bill, the State Bar of California,
    recommends repeal or modification of certain California
    copyright statutes because of the Federal Copyright
    Act of 1976.   The bill was proposed by the State Bar's
    Patent, Trademark, and Copyright Section.

    Prior to the Act's effective date of January 1, 1978,
    the fact of publication was the dividing line between
    common (state) law and statutory (federal) copyright.
    Unpublished works were the province of the common law
    while published works were protected by the statutory
    copyright, if at all.  Once the work was published
    (i.e., reproduced in copies for sale), it was protect-
    able only by a statutory copyright.  The Act eliminates
    this distinction by extending to all works of author-
    ship that are fixed in a tangible medium of expression,
    regardless of whether it is published or unpublished.

    The Congressional intent of 17 USC Section 301 is to
    preempt and abolish any rights under state laws that
    are equivalent to copyright and that extend to works
    within the scope of federal law.  Also, Congress
    wanted to avoid vague borderline areas between state
    and federal protection.

    However, the Act does not preempt works of authorship
    that are not fixed in any tangible medium of expression
    and unfixed works that do not come within the subject
    matter of copyright.  Examples of works that have not
    been fixed in any tangible medium of expression include
    choreography that has never been filmed or notated; an
    extemporaneous speech; "original works of authorship"
    communicated solely through conversations or live broad-
    casts; and a dramatic sketch or musical composition
    improvised or developed from memory and without being
    recorded or written down.

2.  This bill would repeal California copyright statutory
    law which:

    (a)  relates to the filing and recordation of original
         works of authorship.

                                    (CONTINUED)

(800) 666-1917

LEGISLATIVE INTENT SERVICE

    (b)   prohibits the unauthorized performance or sale of an unpublished or undedicated opera without consent.

    (c)   prohibits the unauthorized distribution of works copyrighted under federal law.

    (d)   recognizes common law copyright in unpublished works and grants exclusive ownership therein to authors or proprietors.

    (e)   provides for joint ownership in unpublished works.

    (f)   provides for the transfer of ownership in unpublished works.

    (g)   terminates common law copyright upon publication of the work.

LEGISLATIVE INTENT SERVICE          (800) 666-1917

AB 3483                              HEARING DATE: 4/14/82

SOURCE

State Bar of California

SUPPORT

Unknown

OPPOSITION

Unknown

(800) 666-1917

LEGISLATIVE INTENT SERVICE

STATE OF CALIFORNIA

# OFFICE OF LEGISLATIVE COUNSEL



April 13, 1982

Assemblyman Richard Katz

AB 3483 — Conflict

The above measure, introduced by you, which is now set for hearing in the Assembly Judiciary Committee appears to be in conflict with the following other measure(s):

AB 685 — Cramer

ENACTMENT OF THESE MEASURES IN THEIR PRESENT FORM MAY GIVE RISE TO A SERIOUS LEGAL PROBLEM WHICH PROBABLY CAN BE AVOIDED BY APPROPRIATE AMENDMENTS.

WE URGE YOU TO CONSULT OUR OFFICE IN THIS REGARD AT YOUR EARLIEST CONVENIENCE.

Very truly yours,

BION M. GREGORY
Legislative Counsel

cc: Committee
named above
Each lead author
concerned

(800) 666-1917

LEGISLATIVE INTENT SERVICE

23382-603 11-81 25M CAM ⊙⋆ OSP

CHARLES R. IMBRECHT, VICE-CHAIRMAN                          BILL NUMBER

| | | | |
|---|---|---|---|
| APPROPRIATION: | NO | AMENDED: | as introduced |
| LOCAL MANDATE: | YES | AUTHOR: | Katz |
| URGENCY: | NO | CONSULTANT: | Prosser |

COMMENTS:   Existing federal law preempts the common law or statutes of
    any state that grant rights equivalent to any of the exclusive
    rights of copyright (reproduction, adaptation, distribution,
    public performance, or public display) in original works of
    authorship that are fixed in a tangible medium of expression and
    come within the subject matter of copyright.  I provides for stat-
    utory preemption whether the work is created before or after
    Jan. 1, 1978 and whether the work is published or unpublished.

    This bill would conform California copyright law to the
    provisions of the Federal Copyright Act of 1976 (effective 1978).

    The source of the bill is the State Bar of California as is the
    result of work done by its Section on Patent, Trademark, and
    Copyright Law.

    The specifics of the bill are described in the committee analysis.

    SUPPORT- State Bar

    OPPOSITION- unknown

    Recommendation- Consent

(800) 666-1917   LEGISLATIVE INTENT SERVICE

## ASSEMBLY STANDING COMMITTEE ON JUDICIARY
### RECORD OF ROLL CALLS

Date of Hearing 4/14/82

| MOTION VOTED ON | AB 3467 HELD OVER | | AB 3483 DO PASS Refer to W&M Recommend Consent | | AB 3489 DO PASS Refer to W&M | | AB 3511 AMEND DO PASS Refer to W&M | | AB 3730 HELD OVER | | AB 3626 AMEND DO PASS Refer to W&M | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Aye | No | Aye | No | Aye | No | Aye | No | Aye | No | Aye | No |
| erman | | | X | | X | | X | | | | X | |
| art | | | X | | X | | X | | | | X | |
| ngalls | | | X | | ab | | ab | | | | | X |
| cConard | | | X | | X | | X | | | | | X |
| cAlister | | | X | | X | | X | | | | X | |
| oorhead | | | X | | X | | X | | | | X | |
| obinson | | | X | | ab | | ab | | | | ab | |
| tirling, Dave | | | ab | | ab | | ab | | | | ab | |
| tirling, Larry | | | X | | X | | X | | | | X | |
| orres | | | ab | | ab | | ab | | | | ab | |
| acers, Maxine | | | X | | X | | X | | | | X | X |
| yman | | | X | | X | | X | | | | X | |
| mbrecht (V.Chairman) | | | X | | X | | X | | | | X | |
| arris (Chairman) | | | X | | X | | X | | | | | |
| | Ayes: | Noes: | Ayes: 12 Noes: 0 | | Ayes: 10 Noes: 0 | | Ayes: 10 Noes: 0 | | Ayes: Noes: | | Ayes: 9 Noes: 3 | |

Signed: _____ Chairman

V. — Not voting
A. — Absent
ARRIVED:

LEGISLATIVE INTENT SERVICE (800) 666-1917

<u>WAYS AND MEANS SUMMARY</u>

AUTHOR___Katz_____   AMENDED___-0-___   BILL NO.___AB 3483__

POLICY COMMITTEE___Judiciary_____   VOTE_12-0 (Consent)___

Urgency:   Yes / /   No /xx/                    Hearing Date:___May 27, 1982___

State Mandated Local Program:                  Staff Comments By:__J. Sharpless__
           Yes /xx/   No / /
                                               No Staff Comments /xx/
Disclaimed:  Yes /xx/   No / /

mrl:BA43:25A



LEGISLATIVE INTENT SERVICE   (800) 666-1917

**LIS - 5**

| | | | |
|---|---|---|---|
| APPROPRIATION: | NO | AMENDED: | as introduced |
| LOCAL MANDATE: | YES | AUTHOR: | Katz |
| URGENCY: | NO | CONSULTANT: | Prosser |

COMMENTS:  Existing federal law preempts the common law or statutes of
any state that grant rights equivalent to any of the exclusive
rights of copyright (reproduction, adaptation, distribution,
public performance, or public display) in original works of
authorship that are fixed in a tangible medium of expression and
come within the subject matter of copyright.  I provides for stat-
utory preemption whether the work is created before or after
Jan. 1, 1978 and whether the work is published or unpublished.

This bill would conform California copyright law to the
provisions of the Federal Copyright Act of 1976 (effective 1978).

The source of the bill is the State Bar of California as is the
result of work done by its Section on Patent, Trademark, and
Copyright Law.

The specifics of the bill are described in the committee analysis.

SUPPORT- State Bar

OPPOSITION- unknown

Recommendation- Consent

(800) 666-1917

LEGISLATIVE INTENT SERVICE

# SENATE COMMITTEE ON JUDICIARY   1981-82 Regular Session

AB 3483 (Katz)
As introduced
Civil Code/Business & Professions Code
RT

A
B

3
4
8
3

### COPYRIGHT
### -CONFORMITY TO FEDERAL LAW-

#### HISTORY

Source:   State Bar

Prior Legislation:   None

Support:   Unknown

Opposition:   No Know

Assembly floor vote:   Ayes 66 - Noes 0.

#### KEY ISSUE

SHOULD CALIFORNIA COPYRIGHT LAW BE CONFORMED TO THE
PROVISIONS OF THE FEDERAL COPYRIGHT ACT OF 1976?

#### PURPOSE

Existing California copyright law protects original
works of authorship, prohibits unauthorized
performances of operas and distribution of copyrighted
works, and generally provides a full spectrum of
statutory protections for authors.  Much of this has
been preempted by the Federal Copyright Act of 1976.

This bill would conform California law to the new
federal law.

The purpose of the bill is to remove preempted and
thus ineffectual laws from the codes.

(More)

LEGISLATIVE INTENT SERVICE   (800) 666-1917

AB 3483 (Katz)
Page 2

COMMENT

1. <u>Drafted by State Bar section</u>

This bill was drafted by the Copyright Committee of the Patient, Trademark and Copyright Section of the State Bar.

2. <u>Changes in California copyright law</u>

The bill would make the following changes in California copyright law:

(a) It would repeal those statutes preempted by federal law.

(b) It would provide state copyright protection for works of authorship left unprotected under federal law - those original works that are not "fixed in any tangible medium of expression." Examples might include choreography that has never been filmed or notated, an extemporaneous speech, or a dramatic sketch or musical composition improvised or developed from memory and without being recorded or written down.

(c) It would maintain rights and remedies in sound recordings fixed prior to February 15, 1972, until February 15, 2047, on which date they would be preempted by the federal law.

3. <u>Statutory provisions to be repealed</u>

The bill would repeal Chapter 4 of Division 6 of the Business and Professions Code which includes provisions:

(More)

(800) 666-1917   LEGISLATIVE INTENT SERVICE



AB 3483 (Katz)
Page 3

    (a)   relating to the filing and recordation of original works of authorship,

    (b)   prohibiting the unauthorized performance or sale of an unpublished or undedicated opera,

    (c)   prohibiting the unauthorized distribution of works copyrighted under federal law,

    (d)   recognizing common law copyright in unpublished works,

    (e)   providing for joint ownership and for the transfer of ownership in unpublished work, and

    (f)   terminating common law copyright upon publication of the work.

            **\*\*\*\*\*\*\*\*\*\*\*\***

LEGISLATIVE INTENT SERVICE   (800) 666-1917

SENATE COMMITTEE ON JUDICIARY

## BACKGROUND INFORMATION

AB 3483

1.  **Source**

    (a)  What group, organization, governmental agency, or other person, if any, requested the introduction of the bill? Please list the requestor's telephone number or, if unavailable, his address.

    California State Bar
    Terry Flanagan  444-2762

    (b)  Which groups, organizations, or governmental agencies have contacted you in support of, or in opposition to, your bill?
    None

    (c)  If a similar bill has been introduced at a previous session of the Legislature, what was its number and the year of its introduction?

    None known.

2.  **Purpose**

    What problem or deficiency under existing law does the bill seek to remedy?

    Conform California copyright law with federal law.

If you have any further background information or material relating to the bill, please enclose a copy of it or state where the information or material is available.

    See attached memorandum from Executive Committee of the Patent, Trademark and Copyright Section of the State Bar.

PLEASE COMPLETE THIS FORM AND RETURN IT TO THE SENATE COMMITTEE ON JUDICIARY, ROOM 2187 AS SOON AS POSSIBLE.  THE COMMITTEE STAFF CANNOT SET THE BILL FOR A HEARING UNTIL THIS FORM HAS BEEN RETURNED.

LEGISLATIVE INTENT SERVICE   (800) 666-1917



# PATENT, TRADEMARK AND COPYRIGHT SECTION
### OF THE STATE BAR OF CALIFORNIA

THOMAS E. CIOTTI, *Chair*
SAN FRANCISCO
F. A. UTECHT, JR., *Vice-Chair*
LONG BEACH
DONALD C. FEIX, *Secretary*
BURLINGAME

555 FRANKLIN STREET
SAN FRANCISCO 94102-4498
TELEPHONE 561-8220
AREA CODE 415

EXECUTIVE COMMITTEE

NEIL BOORSTYN, SAN FRANCISCO
THOMAS E. CIOTTI, SAN FRANCISCO
STANLEY Z. COLE, PALO ALTO
THOMAS O. DeJONGHE, SAN FRANCISCO
DONALD C. FEIX, BURLINGAME
JAMES W. GERIAK, LOS ANGELES
CHARLES S. HAUGHEY, LOS ANGELES
ALAN M. KRUBINER, PALO ALTO
THEODORE H. LASSAGNE, LOS ANGELES
NEIL F. MARTIN, SAN DIEGO
WILLIAM FOMS, LOS ANGELES
ROBERT J. STEINMEYER, FULLERTON
ALDO J. TEST, SAN FRANCISCO
F. A. UTECHT, JR., LONG BEACH
RICHARD A. WALLEN, LOS ANGELES

DATE:      October 27, 1981

TO:        MEMBERS, BOARD OF GOVERNORS

FROM:      EXECUTIVE COMMITTEE OF THE PATENT, TRADEMARK AND
           COPYRIGHT SECTION

RE:        REPORT AND RECOMMENDATION FOR REPEAL OF BUSINESS AND
           PROFESSIONS CODE SECTIONS 14700, 14701, 14702, 14703,
           14720, and 14740, REPEAL AND ADDITION OF OF CIVIL CODE
           SECTIONS 980(a), 981(a), 982(a) and REPEAL OF CIVIL
           CODE SECTION 983(a).

- - - - - - - - - - - - - - - - - - - - - - - - - - -

## HISTORY

The Patent, Trademark and Copyright Section recommends that
certain California copyright statutes be modified because of
the Federal Copyright Act of 1976, which calls for preemption
of common (or state) law copyright statutes (17 USC Sec.
301(a)).

Last fall, this project was referred to the Section's Copyright
Committee, chaired by Neil Boorstyn.  The Committee drafted a
proposal which was reviewed by Professor Melville Nimmer of the
University of California at Los Angeles School of Law. The
Committee and Professor Nimmer agreed on the recommendation
which is contained in this report.

LEGISLATIVE INTENT SERVICE      (800) 666-1917

The Copyright Committee's recommendation was reviewed and accepted by the Section's Executive Committee at its meeting of October 15, 1981.  The recommendation was for repeal of Business and Professions Code Sections 14700, 14701, 14702, 14703, and 14740, repeal and addition of Civil Code Sections 980(a), 981(a) and 982(a), and repeal of Civil Code Section 983(a).

## SUMMARY OF EXISTING LAW

Sections 14700, 14701, 14702, 14703, 14720 and 14740 of the Business and Professions Code and Sections 980, 981, 982 and 983 of the Civil Code embody most of the copyright laws of the State of California.  Business and Professions Code Sections 14700, 14701, 14702 and 14703 relate to the filing of original works of authorship with the Secretary of State.  Business and Professions Code Section 14720 prohibits the unauthorized performance or sale of an unpublished dramatic or dramatic musical composition known as an opera.  Business and Professions Code Section 14740 prohibits the unauthorized distribution of a musical composition copyrighted under federal law.

## SUMMARY OF PROPOSED LEGISLATION

The Patent, Trademark and Copyright Section Executive Committee has unanimously agreed on the following statutory amendments. The specific proposed statutory language is attached to this report (see Appendix A).

A.    Business and Professions Code Sections 14700, 14701, 14702 and 14703 would be repealed in their entirety. There would be no California Law relating to the filing and recordation of original works of authorship.

B.    Business and Professions Code Section 14720 would be repealed in its entirety.  There would be no California law prohibiting the unauthorized performance or sale of an unpublished dramatic or dramatic-musical composition known as an opera.

C.    Business and Professions Code Section 14740 would be repealed in its entirety.  There would be no California law prohibiting the unauthorized distribution of works copyrighted under federal laws.

LEGISLATIVE INTENT SERVICE   (800) 666-1917

D.     Civil Code Section 980(a), recognizing common law
       copyright in unpublished works and granting exclusive
       ownership therein to authors or proprietors, would be
       repealed.  It would be replaced with Section 980(a)(1),
       (2).  New Section 980(a)(1) would provide copyright
       only in original works of authorship that are not fixed
       in any tangible medium of expression (e.g. an
       extemporaneous speech) and grant exclusive ownership to
       the authors.  Section 980(a)(2) would maintain rights
       and remedies in sound recordings fixed prior to
       February 15, 1972 until February 15, 2047, which is the
       designated time for their preemption under 17 USC Sec.
       301.

       980(b), relating to exclusive ownership of inventions
       or designs, would not be altered.

       Therefore, California law would govern copyright for
       works not fixed in any tangible medium of expression
       and sound recordings fixed prior to February 15, 1972.
       There would be no California law relating to copyright
       in unpublished works.

E.     Civil Code Section 981(a), providing for joint
       ownership in unpublished works, would be repealed.  It
       would be replaced by a new Section 981(a), which would
       provide for the joint ownership of works not fixed in a
       tangible medium of expression.  Therefore, California
       law would not provide for joint ownership in
       unpublished works, but it would govern joint ownership
       of works not fixed in any tangible medium of
       expression.  In addition, California law would continue
       to govern jointly owned inventions or designs (Civil
       Code Section 981(b)).

F.     Civil Code Section 982(a), providing for the transfer
       of ownership in unpublished works, would be repealed.
       It would be replaced by a new Section 982(a), which
       provides for the transfer of ownership in works not
       fixed in any tangible medium of expression.  Civil Code
       Section 982(b)-(e), dealing with transfers of ownership
       in inventions, designs, and fine art, would not be
       altered.

G.     Civil Code Section 983(a), terminating common law
       copyright upon publication of the work, would be
       repealed.  There would be no California law relating to
       the publication of an original work of authorship.

(800) 666-1917

LEGISLATIVE INTENT SERVICE

Page 28

Civil Code Section 983(b), relating to copies of
inventions or designs, would be renumbered and become
the new Section 983.


RATIONALE FOR PROPOSAL

Before January 1, 1978, the effective date of the Federal
Copyright Act of 1976, the fact of publication was the dividing
line between common (state) law and statutory (federal)
copyright.  Unpublished works were the province of the common
law while published works were protected by the statutory
copyright, if at all.

The effect of this dicnotomy was that manuscripts, the
unpublished forms of books and pamphlets, for example, were
protected only by state law.  At the same time, however, every
other type of protectable unpublished work could come under
either state or federal law.  Once the work was published (i.e.
reproduced in copies for sale) it was protected only by a
statutory copyright, if at all.  The Copyright Act of 1976
eliminates the distinction by extending to all works of
authorship that are fixed in an tangible medium of expression,
regardless of whether it is published or unpublished.
Furthermore, Section 301 of the Act specifically preempts any
state rights in such works (17 USC Sec. 301, see Appendix B).

Section 301(a) abolishes a former distinction between state
protection for unpublished works and federal protection for
published works.  It preempts the common law or statutes of any
state that purport to grant rights that are equivalent to any
of the exclusive rights of copyright (reproduction, adaptation,
distribution, public performance, or public display) on
original works of authorship fixed in any tangible medium of
expression that come within the subject matter of copyright.
It provides for federal statutory preemption whether the work
is created before or after January 1, 1978 (the effective date
of the new Act) and whether the work is published or
unpublished.

The House Committee Reports state that the intention of Section
301 is to preempt and abolish any rights under state laws that
are equivalent to copyright and that extend to works within the
scope of the federal Copyright law.  It is also Congressional
intent to act preemptively, and to avoid the development of any
vague borderline areas between state and federal protection.
Under Section 301(a), the exclusive rights within the general

LEGISLATIVE INTENT SERVICE   (800) 666-1917

Page 29

scope of copyright are governed exclusively by the federal Copyright law if the works involved are "works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright." All corresponding state laws are preempted and abrogated. Regardless of when the work was created and whether it is published or unpublished, disseminated or undisseminated, in the public domain or copyrighted under the federal statute, the states cannot offer it protection equivalent to copyright. The preemption of rights under state law is complete with respect to any work coming within the scope of the bill, even though the scope of exclusive rights given the work under the bill is narrower than the scope of common law rights in the work might have been (House Report, Judiciary Committee, No. 94-1476, pp.130,131 (1976)).

Therefore, it is submitted that Business and Professions Code Sections 14700, 14701, 14702, 14702, 14720 and 14740 are preempted and should be repealed.

Section 301(b) of the Act specifically does not preempt works of authorship that are not fixed in any tangible medium of expression. Section 301(b) also does not preempt works that do not come with in the subject matter of copyright.

The House Committee Report on Section 301(b) says that this Section explicitly preserves common law copyright protection for one important class of works: works that have not been fixed in any tangible medium of expression. Examples would include choreography that has never been filmed or notated, an extemporaneous speech, 'original works of authorship' communicated solely through conversations or live broadcasts, and a dramatic sketch or musical composition improvised or developed from memory and without being recorded or written down. Unfixed works not included in the specified "subject matter of copyright" are not affected by the preemption of Section 301, and would continue to be subject to protection under state statute or common law until fixed in tangible form (House Report, Judiciary Committee, No, 94-1476, pp. 130,131 (1976)).

Therefore, it is recommended that Civil Code Sections 980(a), 981(a), and 982(a) should be repealed and that the proposed new language for these Sections be accepted. Also, Civil Code Section 983(a) should be repealed.

Under Section 301(c) of the Act, sound recordings fixed before February 15, 1972 are not affected by the preemptive provisions

(800) 666-1917 LEGISLATIVE INTENT SERVICE

Page 30 SP-6

of the Act until February 15, 2047.  Thus, any rights or remedies under of state statutes remain effective until the year 2047.  Therefore, Civil Code Section 980(a)(2) is recommended for addition as drafted.

## ARGUMENTS FOR THE PROPOSAL

1.    The proposal would conform state law to the federal Copyright Act of 1976.

2.    Preempted, ineffectual laws should be removed from the Codes.

## ARGUMENTS AGAINST THE PROPOSAL

No known arguments against the proposal.

## RECOMMENDED BOARD ACTION

It is recommended that the Board of Governors approve the proposals of the Patent, Trademark and Copyright Section contained herein and include the proposals on the State Bar's 1982 Legislative Program.

## FISCAL IMPACT

This proposal would have no fiscal impact on the State Bar.

Report prepared by

*Mary A. Tan Yen*

Mary A. Tan Yen
Staff Attorney

APPENDIX A

PROPOSED LEGISLATION

Business & Professions Code
~~Section 14700~~ ~~Any person may file with the~~ Secretary of State ~~a printed or typewritten~~ copy of any lecture, ~~sermon,~~ address, dramatic composition, ~~story, radio script, radio program, or~~ motion picture ~~scenarios together with an affidavit~~ attached ~~thereto setting forth that the person is the~~ ~~author of the printed or typewritten~~ mater, and ~~is entitled to all the~~ rights and benefits ~~accruing therefrom.~~

Business & Professions Code
~~Section 14701~~ ~~Upon receipt of the printed or typewritten~~ matter and accompanying affidavit, the Secretary of State shall file them in his office, keeping a record thereof showing the ~~date of filing, name of the claimant, and the~~ ~~title of the lecture or other printed~~ ~~typewritten matter.~~

~~The Secretary of State shall at the time of~~ ~~filing, issue to the claimant a~~ certificate of ~~filing under the~~ Great Seal of State, which certificate shall set forth the facts recorded.

Business & Professions
~~Section 14702~~ ~~The certificate of filing or~~ a certified copy ~~together with a certified copy of the documen~~t ~~filed shall be admitted in any court~~ as prima ~~facie evidence of the facts recited therein.~~

Business and Professions Code
~~Section 14720~~ ~~Any person who causes publicly~~ to be performed ~~or represented for profit~~ an unpublished or ~~undedicated dramatic composition~~ or dramatic ~~musical composition~~ known as an opera, without ~~the consent of its owner or proprietor~~, or who ~~knowing that such dramatic or musical~~ ~~composition is unpublished or undedicated,~~ and ~~without the consent of its owner or~~ proprietor, ~~permits, aides, or takes part in such a~~ ~~performance or representation, or who~~ sells a copy or a substantial copy of any unpublished, undedicated or copyrighted dramatic composition or musical or dramatic musical composition, known as an opera, without the consent of the ~~author or~~ proprietor of such dramatic or

(800) 666-1917

LEGISLATIVE INTENT SERVICE



Page 32

Appendix A
Page 2

dramatic musical composition is guilty of a
misdemeanor and upon conviction, he shall be
punished by a fine of not less that fifty
dollars ($50), and not more than three hundred
($300), or by imprisonment for not less than 30
days or more than three months, or by both such
fine and imprisonment.

## Business and Professions Code

Section 14740    Whoever wilfully prints, publishes, sells,
distributes or circulates, or causes to be
printed, published, sold, distributed or
circulated for profit any circular, pamphlet,
card, handbill, advertisement, printed paper,
book, newspaper, or other document containing
the works or musical score of any musical
composition which or any part of which is
copyrighted under the laws of the United
States, without first having obtained the
consent of the owner or proprietor of such
copyrighted musical composition is guilty of a
misdemeanor.

## Civil Code

Section 980    (a)   The author or proprietor of any
composition in letters or art has an
exclusive ownership in the representation
or expression thereof as against all
persons except one who originally and
independently creates the same or similar
composition.

(a)(1)   The author of any original work of
authorship that is not fixed in any
tangible medium of expression has an
exclusive ownership in the
representation or expression thereof
as against all persons except one who
originally and independently creates
the same or similar work. A work
shall be considered not fixed when it
is not embodied in a tangible medium
of expression or when its embodiment
in a tangible medium of expression is

LEGISLATIVE INTENT SERVICE   (800) 666-1917

Appendix A
Page 3

not sufficiently permanent or stable
to permit it to be perceived,
reproduced, or otherwise communicated
for a period or more than transitory
duration, either directly or with the
aide of a machine or device.

(2)     The author of an original work of
authorship consisting of a sound
recording initially fixed prior to
February 15, 1972 has an exclusive
ownership therein until February 15,
2047 as against all persons except
one who independently makes or
duplicates another sound recording
that does not directly or indirectly
recapture the actual sounds fixed in
such prior sound recording, but
consists entirely of an independent
fixation of other sounds, even though
such sounds imitate or simulate the
sounds contained in such prior sound
recordings.

(b)   The inventor or proprietor of any
invention or design, with or wthout
delineation, or other graphical
representation, has an exclusive ownership
therein, and in the representation or
expression thereof, which continues so
long as the invention or design and the
representations or expressions thereof
made by him remain in this possession.

Civic Code
Section 981

(a)  Unless otherwise agreed, a composition in
letters or art in the production of which
several persons are jointly concerned, is
owner by them as follows:

1.   If the product is indivisible, in
equal portions.
2.   If it is divisible, in proportion to
the contribution of each.

(a)  Unless otherwise agreed, an unfixed
original work of authorship in the

LEGISLATIVE INTENT SERVICE    (800) 666-1917



Appendix A
Page 4

creation of which several persons are
jointly concerned, is owned by them in
equal proportion.

(b)   Unless otherwise agreed, an invention or
design in the production of which several
persons are jointly concerned is owned by
them as follows:

1.   If the invention or design is single,
in equal portions.
2.   If it is not single, in proportion to
the contribution of each.

Civil Code
Section 982   (a)   The owner of any rights in any composition
in letters or art may transfer his
ownership therein.

(a)   The owner of any rights in any unfixed
original work of authorship may transfer
such ownership therein.

(b)   The owner of any invention or design, or
of any representation or expression
thereof, may transfer his property in the
same.

(c)   Notwithstanding any other provisions in
this section, wherver a work of fine art
is transferred, whether by sale or on
commission or otherwise, by or on behalf
of the artist who created it, or that
artist's heir, legatee, or personal
representative, the right of reproduction
thereof is reserved to such artist or such
heir, legatee, or personal reperesentative
until it passes into the public domain by
act or operation of law, unless that right
is expressly transferred by a document in
writing in which reference is made to the
specific right of reproduction, signed by
the owner of the rights conveyed or that
person's duly authorized agent.   If such
transfer is pursuant to an employment
relationship, the right of reproduction is
transferred to the employer, unless it is
expressly reserved in writing.   If such

-113-

(800) 666-1917   LEGISLATIVE INTENT SERVICE



Appendix A
Page 5

transfer is pursuant to a legacy or
inheritance, the right of reproduction is
reserved by will or codicil.  Nothing
contained herein, however, shall be
construed to prohibit the fair use of such
work of fine art.

(d)   As used in subdivision (c):

(1)   "Fine art" shall mean any work of
visual art, including but not limited
to, a drawing, painting, sculpture,
mosaic, or photograph, a work of
calligraphy, a work of graphic art
(including an etching, lithograph,
offset print, silk screen, or a work
of graphic art of like nature),
crafts (including crafts in clay,
textile, fiber, wood, metal, plastic
and like materials), or mixed media
(including a collage, assemblage, or
any combination of the foregoing art
media).

(2)   "Artist" shall mean the creator of a
work of fine art.

(3)   "Right of reproduction," at the
present state of commerce and
technology shall be interpreted as
reproduction of works of fine art as
prints suitable for framing;
facsimile casts of sculpture;
reproductions used for greeting
cards; reproductions in general books
and magazines not devoted primarily
to art, and in newspapers in other
than art of news sections, when such
reproductions in books, magazines,
and newspapers are used for purposes
similar to those of material for
which the publishers customarily pay;
art films; television, except from
stations operated for education
purposes, and reproductions used in
any form of advertising, including
magazines, calendars, newspapers,
posters, billboards, films or
television.

LEGISLATIVE INTENT SERVICE   (800) 666-1917

Page 365 P-12

Appendix A
Page 6

(e). The amendments to this Section made at the
1976-76 Regular Session shall only apply
to transfers made on or after January 1,
1976.

Civil Code
Section 983

(a) If the owner of a composition in letters
or art publishes it the same may be used
in any manner by any person, without
responsiblity to the owner insofar as the
law of this state is concerned.

(b) If the owner of any invention or design
intentionally makes it public, a copy or
reproduction may be made public by any
person, without responsibility to the
owner so far as the law of this state is
concerned.

(800) 666-1917   LEGISLATIVE INTENT SERVICE

APPENDIX B

(17 USC Sec. 301)

Section 301.    Preemption with respect to other laws

(a)              On and after January 1, 1978, all legal or
                 equitable rights that are equivalent to any of
                 the exclusive rights within the general scope
                 of copyright as specified by Section 106
                 (compilations and derivative works) in works of
                 authorship that are fixed in tangible medium of
                 expression and come within the subject matter
                 of copyright as specified by Sections 102 (all
                 work, fixed in tangible medium of expression)
                 and 103 (all work fixed in tangible medium of
                 expression) whether created before or after
                 that date and whether published or umpublished
                 are governed exclusively by this title.
                 Thereafter, no person, is entitled to any such
                 right or equivalent right in any such work in
                 the common law or statutes of any state.

(b)              Nothing in this title annuls or limits any
                 rights or remedies under the common law or
                 statutes of any state with respect to--

        1.       subject matter that does not come within
                 the subject matter of copyright as
                 specified by Sections 102 and 103,
                 including works of authorship not fixed in
                 any tangible means of expression; or

        2.       any cause of action arising from
                 undertakings commenced before January 1,
                 1978; or

        3.       activities violating legal or equitable
                 rights that are not equivalent to any of
                 the exclusive rights within the general
                 scope of copyright as specified by Section
                 106.

(c)              With respect to sound recording fixed before
                 February 15, 1972, any rights or remedies under
                 the common law or statutes of any state shall
                 not be annulled or limited by this title until
                 February 15, 2047.  The preemptive provisions
                 of subsection (a) shall apply to any such rights



(800) 666-1917

LEGISLATIVE INTENT SERVICE

Appendix B
Page 2

and remedies pertaining to any cause of action
arising from undertakings commenced on and
after February 15, 2047.  Notwithstanding the
provisions of Section 303, no sound recording
fixed before February 15, 1972 shall be subject
to copyright under this title before, on, or
after February 15, 2047.

(d)        Nothing in this title annuls or limits any
           right or remedies under any other federal
           statute.

(800) 666-1917

LEGISLATIVE INTENT SERVICE

Page 39  SP-15

*4153*

*AB 3483*

Legislative Analyst
May 24, 1982

ANALYSIS OF ASSEMBLY BILL NO. 3483 (Katz)

1981-82 Session

**Fiscal Effect:**

Cost:     Mandated Local Program.   No costs.
          Reimbursement disclaimed.

Revenue:  Negligible General Fund revenue loss.

**Analysis:**

This bill modifies laws regarding copyright and
authorship to conform with federal law.  Violations of these
laws are subject to civil penalties.

The bill also repeals a provision permitting an
author to file a copy of a written work by paying a $5
filing fee to the Secretary of State.

The Secretary of State's office estimates that
approximately 12 filings were made in the current year.

Mandated Local Program.  This bill would not affect
local government costs.  It contains a crimes and infrac-
tions disclaimer.

43

LEGISLATIVE INTENT SERVICE   (800) 666-1917

CONSENT

| SENATE DEMOCRATIC CAUCUS<br><br>SENATOR PAUL B. CARPENTER<br>Chairman | Bill No.: AB 3483  Amended: Original<br><br>Author:   Katz   (D)<br><br>Vote Required:  Majority<br><br>Assembly Floor Vote:  66 - 0 |
|---|---|

SUBJECT:     Copyright

POLICY COMMITTEE:     Judiciary

    AYES:   (6)     Doolittle, Presley, Sieroty, Watson, Davis, Rains

    NOES:   (0)

FINANCE COMMITTEE:

    Be placed on Second Reading File pursuant to Senate Rule 28.8.

SUMMARY OF LEGISLATION:

Existing state law relating to copyright has not been amended to reflect the enactment of the Federal Copyright Act of 1976, which became operative on January 1, 1978.  The federal law contains a specific  provision preempting any state law which grants or confers a legal or equitable right that is equivalent to any of the exclusive rights within the general scope of copyright in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright, whether created before or after January 1, 1978, and whether published or unpublished.  Prior to January 1, 1978, state law regulated the copyright of unpublished works of authorship.

This bill would repeal existing provisions of state law (relating to the filing and recordation of original works of authorship, the performance of unpublished or undedicated operas without consent, the unauthorized distribution of works copyrighted under federal law or the common law or state copyright in unpublished works, joint ownership in works, the transfer of ownership in unpublished works, and the termination of common law copyright) which have become obsolete in view of the preemption thereof by the Federal Copyright Act of 1976.

This bill would provide state copyright protection for works of authorship not protectable under federal law, including works of authorship that are not fixed in any tangible medium of expression, and sound recordings fixed prior to February 15, 1972, until February 15, 2047.  (Some recordings fixed in a tangible medium of expression before February 15, 1972, are not affected by the preemptive provisions of federal law until February 15, 2047.)  This bill also would grant exclusive ownership to the authors of such works of authorship and would provide for the joint ownership and transfer thereof.

CONTINUED

AB 3483
Page 2

FISCAL EFFECT:     According to the Legislative Analyst:

Mandated local program.  No costs.  Reimbursement disclaimed.  Negligible General Fund revenue loss.

PROPONENTS:     (Verified by author 7-2-82)

State Bar (sponsor)

OPPONENTS:
--

ARGUMENTS IN SUPPORT:

Proponents state that this bill is necessary to conform California law to the new federal law by removing preempted and thus ineffectual laws from the codes.

### Roll Call

The roll was called and the bill was passed by the following vote:

AYES  (38)—Senators Alquist, Ayala, Beverly, Boatwright, Campbell, Carpenter, Craven, Davis, Dills, Doolittle, Ellis, Foran, Garamendi, Alex Garcia, Marz Garcia, Greene, Holmdahl, Johnson, Keene, Maddy, Marks, Mello, Mills, Montoya, Nielsen, O'Keefe, Petris, Presley, Rains, Robbins, Roberti, Russell, Schmitz, Seymour, Sieroty, Stiern, Vuich, and Watson.

NOES  (0)—None.

Bill ordered transmitted to the Assembly.

*8-10-82*                                      *p.12709*



(800) 666-1917

LEGISLATIVE INTENT SERVICE

LLE:cl 8-5-82

THIRD READING ANALYSIS WORKSHEET

Governor's Vetoes
In Conference
Unfinished Business
Third Reading
Consent

Bill number AB 3453  Amended _Original_

Author _Katz (D)_

Vote required _Majority_  Assembly Floor Vote _66-0_

Subject: _Copyright_

Policy Committee: _Jud_

Ayes: (6) Doolittle Presley Sieroty Watson Davis Plains

Noes: ( 0 )

Finance Committee

Ayes: ( )        N.A.

Noes: ( )

Summary:

See LCD

Fiscal Effect:

See LA

Proponents:  (Verified by author's office _7/2/82_  )

State Bar (Sponsor)

~~Unknown~~

Opponents:

~~No Known~~

Arguments in Support:  (Source:_____)

Proponents state that this bill is necessary to ~~conform Calif. law to the new federal law by~~ removing preempted and thus ineffectual laws from the codes.

Arguments in Opposition:  (Source:_____)

(Comment: see CA pg 1 A)

Written by _SD_  Date _7/13/82_ Checked by _llc_  Date _8.5.82_  Page 43

(800) 666-1917

LEGISLATIVE INTENT SERVICE

SDC-1

# SENATE REPUBLICAN CAUCUS
## SENATOR KENNETH L. MADDY, Chairman

POSITIONS:
SOURCE:   State Bar

BILL NUMBER:   AB 3483

AUTHOR: Katz

AMENDED COPY: Original
MAJORITY VOTE
CONSENT CALENDAR

Committee Votes:                    Senate Floor Vote:



PLACED ON FILE AS
A RESULT OF SENATE
.RULE 28.8

Assembly Floor Vote: 66-0, P. 14067, 6/3/82

DIGEST

1  The bill makes the following changes in California copyright law:
2
3  a.  It repeals those statutes preempted by federal law.
4
5  b.  It provides state copyright protection for works of authorship
6     left unprotected under federal law - those original works that
7     are not "fixed in any tangible medium of expression." Examples
8     might include choreography that has never been filmed or notated,
9     an extemporaneous speech, or a dramatic sketch or musical com-
10    position improvised or developed from memory and without being
11    recorded or written down.
12
13 c.  It maintains rights and remedies in sound recordings fixed prior
14    to February 15, 1972, until February 15, 2047, on which date
15    they would be preempted by the federal law.
16
17 FISCAL EFFECT:  Appropriation, no.  Fiscal Committee, yes.  Local, yes.
18
19 No costs.  SB 90 CRIMES AND INFRACTIONS DISCLAIMER.
20
21 COMMENTS:
22
23 Existing California copyright law protects original works of author-
24 ship, prohibits unauthorized performances of operas and distribution
25 of copyrighted works, and generally provides a full spectrum of
26 statutory protections for authors.  Much of this has been preempted
27 by the Federal Copyright Act of 1976.
28
29 This bill would conform California law to the new federal law.
30                                                        Page 44
31  7/12/82:gk                        LIS - 12
32

LEGISLATIVE INTENT SERVICE  (800) 666-1917

| ENROLLED BILL MEMORANDUM TO GOVERNOR | DATE | August 19, 1982 |
|---|---|---|
| BILL NO.    AB 3483 | AUTHOR | Katz |

Vote—Senate        _____Unanimous

Ayes—    38
Noes—     0

Vote—Assembly     _____Unanimous

Ayes—    66
Noes—     0

AB 3483 - Katz          This bill would repeal existing provisions of
                        state copyright law which have become obsolete
                        in view of the preemption thereof by the
                        Federal Copyright Act of 1976.

                        This bill would also provide state copyright
                        protection for works of authorship not protectable
                        under federal law.

SPONSOR

State Bar Patent, Trademark and Copyright Section

SUPPORT

Legal Affairs Unit
Department of Finance

OPPOSITION

No expressed opposition

FISCAL IMPACT

None

| Recommendation        APPROVE | LIS - 13 |
|---|---|

(800) 666-1917   LEGISLATIVE INTENT SERVICE

PE-1

OWEN K. KUNS
RAY H. WHITAKER
CHIEF DEPUTIES

JERRY L. BASSETT
KENT L. DeCHAMBEAU
STANLEY M. LOURIMORE
EDWARD K. PURCELL
JOHN T. STUDEBAKER

JOHN CORZINE
ROBERT CULLEN DUFFY
ROBERT D. GRONKE
SHERWIN C. MACKENZIE, JR.
ANN M. MACKEY
TRACY O. POWELL, II
RUSSELL L. SPARLING
JIMMIE WING
PRINCIPAL DEPUTIES

3021 STATE CAPITOL
SACRAMENTO 95814
(916) 445-3057

8011 STATE BUILDING
107 SOUTH BROADWAY
LOS ANGELES 90012
(213) 620-2550

# Legislative Counsel
# of California

**BION M. GREGORY**

GERALD ROSS ADAMS
DAVID D. ALVES
MARTIN L. ANDERSON
PAUL ANTILLA
CHARLES C. ASBILL
JAMES L. ASHFORD
SHARON G. BIRENBAUM
EILEEN J. BUXTON
HENRY J. CONTRERAS
BEN E. DALE
CLINTON J. DeWITT
C. DAVID DICKERSON
KATHRYN E. DONOVAN
FRANCES S. DORBIN
LAWRENCE H. FEIN
SHARON R. FISHER
JOHN FOSSETTE
HARVEY J. FOSTER
CLAY FULLER
ALVIN D. GRESS
JOYCE E. HEE
THOMAS R. HEUER
JACK I. HORTON
SANDRA HUGHES
MICHAEL J. KERSTEN
L. DOUGLAS KINNEY
VICTOR KOZIELSKI
ROMULO I. LOPEZ
JAMES A. MARSALA
ROBERT G. MILLER
JOHN A. MOGER
VERNE L. OLIVER
EUGENE L. PAINE
MARGUERITE ROTH
JERRY J. RUIZ
MICHAEL B. SALERNO
MARY SHAW
WILLIAM K. STARK
MARK FRANKLIN TERRY
JEFF THOM
RICHARD B. WEISBERG
DANIEL A. WEITZMAN
THOMAS D. WHELAN
CHRISTOPHER ZIRKLE
DEPUTIES

Sacramento, California
August 16, 1982

Honorable Edmund G. Brown Jr.
Governor of California
Sacramento, CA

_Assembly_  Bill No.  _3483_

Dear Governor Brown:

Pursuant to your request we have reviewed the above-numbered bill authored by _Assemblyman Katz_ and, in our opinion, the title and form are sufficient and the bill, if chaptered, will be constitutional.  The digest on the printed bill as adopted correctly reflects the views of this office.

Very truly yours,

Bion M. Gregory
Legislative Counsel

By John T. Studebaker
John T. Studebaker
Principal Deputy

JTS:AB

Two copies to Honorable Richard Katz _____,
pursuant to Joint Rule 34.

PE-2

Case: 14-cv-07648-PSG-RZ   Document 22-3   Filed 12/10/14   Page 48 of 72   Page ID #:187

| DEPARTMENT | COLL BARG UNIT REV | AUTHOR | BILL NUMBER |
|---|---|---|---|
| Finance | Yes _____  No __X__ | Katz | AB 3483 |

SUBJECT:

DATE LAST AMENDED

Original

AB 3484 would repeal existing provisions of State copyright law which have been pre-empted by Federal law.  The bill would also provide protection for works not protected by Federal law and grant exclusive ownership to authors of specified works created prior to February 15, 1982.

SUMMARY OF REASONS FOR SIGNATURE:

1. This bill makes technical and minor policy changes in the State copyright laws in order to conform with Federal laws.

2. There is no fiscal impact to the State General or Special funds as a result of this bill.

FISCAL SUMMARY

| Department/Agency | FC  1981-82 | FC  1982-83 | FC  1983-84 | FC  1984-85 | Fund |
|---|---|---|---|---|---|
| State Government | ----------------------------------None---------------------------- | | | | GF |
| Local Government | ----------------------------------None---------------------------- | | | | GF |

ANALYSIS

A.  Specific Findings

This bill repeals existing misdemeanor provisions of State law relating to the filing and recordation of original works of authorship, the performance of unpublished or undedicated operas without consent, the unauthorized distribution of works copyrighted under Federal law, common law, or State copyright, et al, which have become obsolete by the Federal Copyright Action of 1976, and provides State copyright protection for works of authorship not protected under Federal law.

No local law enforcement agency is presently staffed to detect all crimes and infractions or to apprehend all violators.  It is assumed that current legislative practice which allows local entities to determine their own priorities and emphasis with regard to the enforcement of code violations will apply to the violations or infractions provided for in this act.  In addition, Section 2253.2(c)2 of the Revenue and Taxation Code prohibits the Board of Control from considering any claim for reimbursement of local costs based on legislation which created a new crime or infraction.  The bill contains a "crimes and infractions" disclaimer.

(continued)

| RECOMMENDATION | PRINCIPAL ANALYST | PROGRAM BUDGET MANAGER |
|---|---|---|
| Sign the bill. | John K. Boyd | B. Cutting  8/17/8✗ |

| DEPARTMENT REPRESENTATIVE | DATE | DIRECTOR | DATE | PE-3 |
|---|---|---|---|---|
| | | C. D. Mills  8/17/82 | | Page 47 |

LEGISLATIVE INTENT SERVICE   (800) 666-1917

BILL--(continued).                                                          Form DF-44

| DATE LAST AMENDED | BILL NUMBER |
|---|---|
| Original | AB 3483 |

3. Fiscal Analysis

Legislation which eliminates a new crime or infraction does not constitute a
"State-mandated local program," and any costs incurred by local governmental entities
pursuant to this act do not require reimbursement under Section 2231 of the Revenue and
Taxation Code.  A "crimes and infractions" disclaimer is appropriate and is contained in
the bill.

There will be no increased costs to State or local government as a result of passage of
this bill.

6195G

LEGISLATIVE INTENT SERVICE          (800) 666-1917

PE-4

| Mandated Cost | NO. | ISSUE DATE | BILL NUMBER |
|---|---|---|---|
| | 1 | MAY 2 6 1982 | AB 3483 |
| E S T I M A T E | AUTHOR | | DATE LAST AMENDED |
| Department of Finance | Katz | | Original |
| CRIMES AND INFRACTIONS | | | |

A.  SUBJECT: COPYRIGHT

B.  STATE MANDATE: None

C.  STATE-MANDATED COST ESTIMATE:

| 1981-82 | 1982-83 | 1983-84 | 1984-85 |
|---|---|---|---|
| -- | -- | -- | -- |

D.  ANALYSIS:

This bill repeals existing misdemeanor provisions of State law relating to the filing
and recordation of original works of authorship, the performance of unpublished or
undedicated operas without consent, the unauthorized distribution of works
copyrighted under Federal law, common law, or State copyright, et al, which have
become obsolete by the Federal Copyright Action of 1976, and provides State
copyright protection for works of authorship not protected under Federal law.

No local law enforcement agency is presently staffed to detect all crimes and
infractions or to apprehend all violators. It is assumed that current legislative
practice which allows local entities to determine their own priorities and emphasis with
regard to the enforcement of code violations will apply to the violations or infractions
provided for in this act. In addition, Section 2253.2(c)2 of the Revenue and Taxation
Code prohibits the Board of Control from considering any claim for reimbursement of
local costs based on legislation which eliminated a new crime or infraction. The bill
contains a "crimes and infractions" disclaimer.

E.  CONCLUSION:

Legislation which eliminates a new crime or infraction does not constitute a
"State-mandated local program," and any costs incurred by local governmental entities
pursuant to this act do not require reimbursement under Section 2231 of the Revenue and
Taxation Code. A "crimes and infractions" disclaimer is appropriate.

PE-5

LEGISLATIVE INTENT SERVICE  (800) 666-1917

PREPARED _____ Date * REVIEWED _____ Date * APPROVED _____ Date

# ENROLLED BILL REPORT

| AGENCY | | BILL NUMBER |
|---|---|---|
| **GOVERNOR'S OFFICE** | | Ab 3483 |
| DEPARTMENT, BOARD OR COMMISSION | | AUTHOR |
| **LEGAL AFFAIRS** | | Katz |

This bill, sponsored by the State Bar's Patient, Trademark and Copyright Section, amends California law to conform to the Federal Copyright Act of 1976.  There is no known opposition to the bill.

| RECOMMENDATION: | SIGN | | | | PE-6 |
|---|---|---|---|---|---|
| ANALYST | | DATE | LEGAL AFFAIRS SECRETARY | | DATE |
| Allen Sumner | | 8/13/82 | Byron S. Georgiou | | 8/13/82 |

LEGISLATIVE INTENT SERVICE   (800) 666-1917

# THE STATE BAR OF CALIFORNIA



555 FRANKLIN STREET
SAN FRANCISCO 94102-4498
TELEPHONE 561-8200
AREA CODE 415

October 8, 1982

The Honorable Richard Katz
Assemblyman, 39th District
State Capitol, Room 4153
Sacramento, CA 95814

Dear Assemblyman Katz:

On behalf of the Board of Governors of the State Bar of California, thank you for sponsoring Assembly Bill 3483 and successfully securing its passage during the past Legislative Session. We believe that this change in the law is consistent with the State Bar Act's mandate to aid in "the improvement of the administration of justice" by bringing California's Copyright Law into conformity with the Federal Copyright Act of 1976.

We appreciate and commend your efforts, and look forward to continuing our relationship. Please feel free to contact the Bar whenever we can assist you.

Sincerely,


Anthony Murray, President
State Bar of California


Dale E. Hanst, Chairman
State Bar Board of Governors
Committee on Legislation



(800) 666-1917   LEGISLATIVE INTENT SERVICE

# PATENT, TRADEMARK AND COPYRIGHT SECTION
### OF THE STATE BAR OF CALIFORNIA



THOMAS E. CIOTTI, *Chair*
SAN FRANCISCO
F. A. UTECHT, JR., *Vice-Chair*
LONG BEACH
DONALD C. FEIX, *Secretary*
BURLINGAME

**555 FRANKLIN STREET**
SAN FRANCISCO 94102-4498
TELEPHONE 561-8220
AREA CODE 415

EXECUTIVE COMMITTEE

NEIL BOORSTYN, SAN FRANCISCO
THOMAS E. CIOTTI, SAN FRANCISCO
STANLEY Z. COLE, PALO ALTO
THOMAS G. DeJONGHE, SAN FRANCISCO
DONALD C. FEIX, BURLINGAME
JAMES W. GERIAK, LOS ANGELES
CHARLES S. HAUGHEY, LOS ANGELES
ALAN M. KRUBINER, PALO ALTO
THEODORE H. LASSAGNE, LOS ANGELES
NEIL F. MARTIN, SAN DIEGO
WILLIAM POMS, LOS ANGELES
ROBERT J. STEINMEYER, FULLERTON
ALDO J. TEXT, SAN FRANCISCO
F. A. UTECHT, JR., LONG BEACH
RICHARD A. WALLEN, LOS ANGELES

DATE:   October 27, 1981

TO:     MEMBERS, BOARD OF GOVERNORS

FROM:   EXECUTIVE COMMITTEE OF THE PATENT, TRADEMARK AND
        COPYRIGHT SECTION

RE:     REPORT AND RECOMMENDATION FOR REPEAL OF BUSINESS AND
        PROFESSIONS CODE SECTIONS 14700, 14701, 14702, 14703,
        14720, and 14740, REPEAL AND ADDITION OF OF CIVIL CODE
        SECTIONS 980(a), 981(a), 982(a) and REPEAL OF CIVIL
        CODE SECTION 983(a).

— — — — — — — — — — — — — — — — — — — — —

## HISTORY

The Patent, Trademark and Copyright Section recommends that
certain California copyright statutes be modified because of
the Federal Copyright Act of 1976, which calls for preemption
of common (or state) law copyright statutes (17 USC Sec.
301(a)).

Last fall, this project was referred to the Section's Copyright
Committee, chaired by Neil Boorstyn.  The Committee drafted a
proposal which was reviewed by Professor Melville Nimmer of the
University of California at Los Angeles School of Law. The
Committee and Professor Nimmer agreed on the recommendation
which is contained in this report.

-104-




LEGISLATIVE INTENT SERVICE    (800) 666-1917

The Copyright Committee's recommendation was reviewed and
accepted by the Section's Executive Committee at its meeting of
October 15, 1981.  The recommendation was for repeal of
Business and Professions Code Sections 14700, 14701, 14702,
14703, 14720, and 14740, repeal and addition of Civil Code
Sections 980(a), 981(a) and 982(a), and repeal of Civil Code
Section 983(a).

## SUMMARY OF EXISTING LAW

Sections 14700, 14701, 14702, 14703, 14720 and 14740 of the
Business and Professions Code and Sections 980, 981, 982 and
983 of the Civil Code embody most of the copyright laws of the
State of California.  Business and Professions Code Sections
14700, 14701, 14702 and 14703 relate to the filing of original
works of authorship with the Secretary of State.  Business and
Professions Code Section 14720 prohibits the unauthorized
performance or sale of an unpublished dramatic or dramatic
musical composition known as an opera.  Business and
Professions Code Section 14740 prohibits the unauthorized
distribution of a musical composition copyrighted under federal
law.

## SUMMARY OF PROPOSED LEGISLATION

The Patent, Trademark and Copyright Section Executive Committee
has unanimously agreed on the following statutory amendments.
The specific proposed statutory language is attached to this
report (see Appendix A).

A.    Business and Professions Code Sections 14700, 14701,
      14702 and 14703 would be repealed in their entirety.
      There would be no California Law relating to the filing
      and recordation of original works of authorship.

B.    Business and Professions Code Section 14720 would be
      repealed in its entirety.  There would be no California
      law prohibiting the unauthorized performance or sale of
      an unpublished dramatic or dramatic-musical composition
      known as an opera.

C.    Business and Professions Code Section 14740 would be
      repealed in its entirety.  There would be no California
      law prohibiting the unauthorized distribution of works
      copyrighted under federal laws.

(800) 666-1917

LEGISLATIVE INTENT SERVICE

B-3

D.   Civil Code Section 980(a), recognizing common law copyright in unpublished works and granting exclusive ownership therein to authors or proprietors, would be repealed.  It would be replaced with Section 980(a)(l), (2).  New Section 980(a)(l) would provide copyright only in original works of authorship that are not fixed in any tangible medium of expression (e.g. an extemporaneous speech) and grant exclusive ownership to the authors.  Section 980(a)(2) would maintain rights and remedies in sound recordings fixed prior to February 15, 1972 until February 15, 2047, which is the designated time for their preemption under 17 USC Sec. 301.

980(b), relating to exclusive ownership of inventions or designs, would not be altered.

Therefore, California law would govern copyright for works not fixed in any tangible medium of expression and sound recordings fixed prior to February 15, 1972. There would be no California law relating to copyright in unpublished works.

E.   Civil Code Section 981(a), providing for joint ownership in unpublished works, would be repealed.  It would be replaced by a new Section 981(a), which would provide for the joint ownership of works not fixed in a tangible medium of expression.  Therefore, California law would not provide for joint ownership in unpublished works, but it would govern joint ownership of works not fixed in any tangible medium of expression.  In addition, California law would continue to govern jointly owned inventions or designs (Civil Code Section 981(b)).

F.   Civil Code Section 982(a), providing for the transfer of ownership in unpublished works, would be repealed. It would be replaced by a new Section 982(a), which provides for the transfer of ownership in works not fixed in any tangible medium of expression.  Civil Code Section 982(b)-(e), dealing with transfers of ownership in inventions, designs, and fine art, would not be altered.

G.   Civil Code Section 983(a), terminating common law copyright upon publication of the work, would be repealed.  There would be no California law relating to the publication of an original work of authorship.

LEGISLATIVE INTENT SERVICE   (800) 666-1917

Page 54 B-4

Civil Code Section 983(b), relating to copies of inventions or designs, would be renumbered and become the new Section 983.

## RATIONALE FOR PROPOSAL

Before January 1, 1978, the effective date of the Federal Copyright Act of 1976, the fact of publication was the dividing line between common (state) law and statutory (federal) copyright.  Unpublished works were the province of the common law while published works were protected by the statutory copyright, if at all.

The effect of this dichotomy was that manuscripts, the unpublished forms of books and pamphlets, for example, were protected only by state law.  At the same time, however, every other type of protectable unpublished work could come under either state or federal law.  Once the work was published (i.e. reproduced in copies for sale) it was protected only by a statutory copyright, if at all.  The Copyright Act of 1976 eliminates the distinction by extending to all works of authorship that are fixed in an tangible medium of expression, regardless of whether it is published or unpublished.  Furthermore, Section 301 of the Act specifically preempts any state rights in such works (17 USC Sec. 301, see Appendix B).

Section 301(a) abolishes a former distinction between state protection for unpublished works and federal protection for published works.  It preempts the common law or statutes of any state that purport to grant rights that are equivalent to any of the exclusive rights of copyright (reproduction, adaptation, distribution, public performance, or public display) on original works of authorship fixed in any tangible medium of expression that come within the subject matter of copyright.  It provides for federal statutory preemption whether the work is created before or after January 1, 1978 (the effective date of the new Act) and whether the work is published or unpublished.

The House Committee Reports state that the intention of Section 301 is to preempt and abolish any rights under state laws that are equivalent to copyright and that extend to works within the scope of the federal Copyright law.  It is also Congressional intent to act preemptively, and to avoid the development of any vague borderline areas between state and federal protection.  Under Section 301(a), the exclusive rights within the general

LEGISLATIVE INTENT SERVICE   (800) 666-1917

-107-



scope of copyright are governed exclusively by the federal
Copyright law if the works involved are "works of authorship
that are fixed in a tangible medium of expression and come
within the subject matter of copyright."  All corresponding
state laws are preempted and abrogated.  Regardless of when the
work was created and whether it is published or unpublished,
disseminated or undisseminated, in the public domain or
copyrighted under the federal statute, the states cannot offer
it protection equivalent to copyright.  The preemption of
rights under state law is complete with respect to any work
coming within the scope of the bill, even though the scope of
exclusive rights given the work under the bill is narrower than
the scope of common law rights in the work might have been
(House Report, Judiciary Committee, No. 94-1476, pp.130,131
(1976)).

Therefore, it is submitted that Business and Professions Code
Sections 14700, 14701, 14702, 14702, 14720 and 14740 are
preempted and should be repealed.

Section 301(b) of the Act specifically does not preempt works
of authorship that are not fixed in any tangible medium of
expression.  Section 301(b) also does not preempt works that do
not come with in the subject matter of copyright.

The House Committee Report on Section 301(b) says that this
Section explicitly preserves common law copyright protection
for one  important class of works:  works that have not been
fixed in any tangible medium of expression.  Examples would
include choreography that has never been filmed or notated, an
extemporaneous speech, 'original works of authorship'
communicated solely through conversations or live broadcasts,
and a dramatic sketch or musical composition improvised or
developed from memory and without being recorded or written
down.  Unfixed works not included in the specified "subject
matter of copyright" are not affected by the preemption of
Section 301, and would continue to be subject to protection
under state statute or common law until fixed in tangible form
(House Report, Judiciary Committee, No, 94-1476, pp. 130,131
(1976)).

Therefore, it is recommended that Civil Code Sections 980(a),
981(a), and 982(a) should be repealed and that the proposed new
language for these Sections be accepted.  Also, Civil Code
Section 983(a) should be repealed.

Under Section 301(c) of the Act, sound recordings fixed before
February 15, 1972 are not affected by the preemptive provisions

(800) 666-1917

LEGISLATIVE INTENT SERVICE

-108-



of the Act until February 15, 2047.  Thus, any rights or remedies under of state statutes remain effective until the year 2047.  Therefore, Civil Code Section 980(a)(2) is recommended for addition as drafted.


## ARGUMENTS FOR THE PROPOSAL

1.     The proposal would conform state law to the federal Copyright Act of 1976.

2.     Preempted, ineffectual laws should be removed from the Codes.


## ARGUMENTS AGAINST THE PROPOSAL

No known arguments against the proposal.


## RECOMMENDED BOARD ACTION

It is recommended that the Board of Governors approve the proposals of the Patent, Trademark and Copyright Section contained herein and include the proposals on the State Bar's 1982 Legislative Program.


## FISCAL IMPACT

This proposal would have no fiscal impact on the State Bar.


Report prepared by

*Mary A Tan Yen*

Mary A. Tan Yen
Staff Attorney



# APPENDIX A

## PROPOSED LEGISLATION

Business & Professions Code
~~Section 14700~~   ~~Any person may file with the Secretary of State a printed or typewritten copy of any lecture, sermon, address, dramatic composition, story, radio script, radio program, or motion picture scenarios together with an affidavit attached thereto setting forth that the person is the author of the printed or typewritten mater, and is entitled to all the rights and benefits accruing therefrom.~~

Business & Professions Code
~~Section 14701~~   ~~Upon receipt of the printed or typewritten matter and accompanying affidavit, the Secretary of State shall file them in his office, keeping a record thereof showing the date of filing, name of the claimant, and the title of the lecture or other printed typewritten matter.~~

~~The Secretary of State shall at the time of filing, issue to the claimant a certificate of filing under the Great Seal of State, which certificate shall set forth the facts recorded.~~

Business & Professions
~~Section 14702~~   ~~The certificate of filing or a certified copy together with a certified copy of the document filed shall be admitted in any court as prima facie evidence of the facts recited therein.~~

Business and Professions Code
~~Section 14720~~   ~~Any person who causes publicly to be performed or represented for profit an unpublished or undedicated dramatic composition or dramatic musical composition known as an opera, without the consent of its owner or proprietor, or who knowing that such dramatic or musical composition is unpublished or undedicated, and without the consent of its owner or proprietor, permits, aides, or takes part in such a performance or representation, or who sells a copy or a substantial copy of any unpublished, undedicated or copyrighted dramatic composition or musical or dramatic musical composition, known as an opera, without the consent of the author or proprietor of such dramatic or~~



LEGISLATIVE INTENT SERVICE          (800) 666-1917

Appendix A
Page 2

~~dramatic musical composition is guilty of a~~
~~misdemeanor and upon conviction, he shall be~~
~~punished by a fine of not less that fifty~~
~~dollars ($50), and not more than three hundred~~
~~($300), or by imprisonment~~ for not less than 30
days ~~or more than three months, or by both such~~
~~fine and imprisonment.~~

Business and Professions Code
~~Section 14740~~    ~~Whoever wilfully prints, publishes, sells,~~
~~distributes or circulates, or causes to be~~
~~printed, published, sold, distributed or~~
~~circulated for profit any circular, pamphlet,~~
~~card, handbill, advertisement, printed paper,~~
~~book, newspaper, or other document containing~~
~~the works or musical score of any musical~~
~~composition which or any part of which is~~
~~copyrighted under the laws of the United~~
~~States, without first having~~ obtained the
~~consent of the owner or~~ proprietor of such
~~copyrighted musical composition is~~ guilty of a
~~misdemeanor.~~

Civil Code
Section 980    ~~(a)   The author or proprietor~~ of any
~~composition in letters~~ or art has an
~~exclusive ownership in the representation~~
~~or expression thereof as against all~~
~~persons except one who originally and~~
~~independently creates the same~~ or similar
~~composition.~~

(a)(1)   The author of any original work of
authorship that is not fixed in any
tangible medium of expression has an
exclusive ownership in the
representation or expression thereof
as against all persons except one who
originally and independently creates
the same or similar work.  A work
shall be considered not fixed when it
is not embodied in a tangible medium
of expression or when its embodiment
in a tangible medium of expression is




LEGISLATIVE INTENT SERVICE   (800) 666-1917



-111-

Appendix A
Page 3

(2)   The author of an original work of
authorship consisting of a sound
recording initially fixed prior to
February 15, 1972 has an exclusive
ownership therein until February 15,
2047 as against all persons except
one who independently makes or
duplicates another sound recording
that does not directly or indirectly
recapture the actual sounds fixed in
such prior sound recording, but
consists entirely of an independent
fixation of other sounds, even though
such sounds imitate or simulate the
sounds contained in such prior sound
recordings.

not sufficiently permanent or stable
to permit it to be perceived,
reproduced, or otherwise communicated
for a period or more than transitory
duration, either directly or with the
aide of a machine or device.

(b)   The inventor or proprietor of any
invention or design, with or wthout
delineation, or other graphical
representation, has an exclusive ownership
therein, and in the representation or
expression thereof, which continues so
long as the invention or design and the
representations or expressions thereof
made by him remain in this possession.

Civic Code
Section 981

(a)   Unless otherwise agreed, a composition in
letters or art in the production of which
several persons are jointly concerned, is
owner by them as follows:

1.   If the product is indivisible, in
equal portions.
2.   If it is divisible, in proportion to
the contribution of each.

(a)   Unless otherwise agreed, an unfixed
original work of authorship in the

LEGISLATIVE INTENT SERVICE   (800) 666-1917

-112-

B-10

Appendix A
Page 4

creation of which several persons are
jointly concerned, is owned by them in
equal proportion.

(b)   Unless otherwise agreed, an invention or
design in the production of which several
persons are jointly concerned is owned by
them as follows:

1.   If the invention or design is single,
in equal portions.
2.   If it is not single, in proportion to
the contribution of each.

Civil Code
Section 982     (a)   The owner of any rights in any composition
in letters or art may transfer his
ownership therein.

(a)   The owner of any rights in any unfixed
original work of authorship may transfer
such ownership therein.

(b)   The owner of any invention or design, or
of any representation or expression
thereof, may transfer his property in the
same.

(c)   Notwithstanding any other provisions in
this section, wherver a work of fine art
is transferred, whether by sale or on
commission or otherwise, by or on behalf
of the artist who created it, or that
artist's heir, legatee, or personal
representative, the right of reproduction
thereof is reserved to such artist or such
heir, legatee, or personal reperesentative
until it passes into the public domain by
act or operation of law, unless that right
is expressly transferred by a document in
writing in which reference is made to the
specific right of reproduction, signed by
the owner of the rights conveyed or that
person's duly authorized agent.  If such
transfer is pursuant to an employment
relationship, the right of reproduction is
transferred to the employer, unless it is
expressly reserved in writing.  If such

(800) 666-1917

LEGISLATIVE INTENT SERVICE

Appendix A
Page 5

transfer is pursuant to a legacy or
inheritance, the right of reproduction is
reserved by will or codicil.  Nothing
contained herein, however, shall be
construed to prohibit the fair use of such
work of fine art.

(d)   As used in subdivision (c):

(1)   "Fine art" shall mean any work of
visual art, including but not limited
to, a drawing, painting, sculpture,
mosaic, or photograph, a work of
calligraphy, a work of graphic art
(including an etching, lithograph,
offset print, silk screen, or a work
of graphic art of like nature),
crafts (including crafts in clay,
textile, fiber, wood, metal, plastic
and like materials), or mixed media
(including a collage, assemblage, or
any combination of the foregoing art
media).

(2)   "Artist" shall mean the creator of a
work of fine art.

(3)   "Right of reproduction," at the
present state of commerce and
technology shall be interpreted as
reproduction of works of fine art as
prints suitable for framing;
facsimile casts of sculpture;
reproductions used for greeting
cards; reproductions in general books
and magazines not devoted primarily
to art, and in newspapers in other
than art of news sections, when such
reproductions in books, magazines,
and newspapers are used for purposes
similar to those of material for
which the publishers customarily pay;
art films; television, except from
stations operated for education
purposes, and reproductions used in
any form of advertising, including
magazines, calendars, newspapers,
posters, billboards, films or
television.

LEGISLATIVE INTENT SERVICE   (800) 666-1917

Appendix A
Page 6

(e) The amendments to this Section made at the
1976-76 Regular Session shall only apply
to transfers made on or after January 1,
1976.

Civil Code
Section 983

~~(a)~~ ~~If the owner of a composition in letters~~
~~or art publishes it the same may be used~~
~~in any manner by any person, without~~
~~responsiblity to the owner insofar as the~~
~~law of this state is concerned.~~

~~(b)~~ If the owner of any invention or design
intentionally makes it public, a copy or
reproduction may be made public by any
person, without responsibility to the
owner so far as the law of this state is
concerned.

LEGISLATIVE INTENT SERVICE   (800) 666-1917

APPENDIX B

(17 USC Sec. 301)

Section 301.     Preemption with respect to other laws

(a)            On and after January 1, 1978, all legal or
               equitable rights that are equivalent to any of
               the exclusive rights within the general scope
               of copyright as specified by Section 106
               (compilations and derivative works) in works of
               autnorship that are fixed in tangible medium of
               expression and come within the subject matter
               of copyright as specified by Sections 102 (all
               work, fixed in tangible medium of expression)
               and 103 (all work fixed in tangible medium of
               expression) whether created before or after
               that date and whether published or umpublished
               are governed exclusively by this title.
               Thereafter, no person, is entitled to any such
               right or equivalent right in any such work in
               the common law or statutes of any state.

(b)            Nothing in this title annuls or limits any
               rights or remedies under the common law or
               statutes of any state with respect to--

     1.        subject matter that does not come within
               the subject matter of copyright as
               specified by Sections 102 and 103,
               including works of authorship not fixed in
               any tangible means of expression; or

     2.        any cause of action arising from
               undertakings commenced before January 1,
               1978; or

     3.        activities violating legal or equitable
               rights that are not equivalent to any of
               the exclusive rights within the general
               scope of copyright as specified by Section
               106.

(c)            With respect to sound recording fixed before
               February 15, 1972, any rights or remedies under
               the common law or statutes of any state shall
               not be annulled or limited by this title until
               February 15, 2047.  The preemptive provisions
               of subsection(a) shall apply to any such rights

LEGISLATIVE INTENT SERVICE     (800) 666-1917

Appendix B
Page 2

and remedies pertaining to any cause of action
arising from undertakings commenced on and
after February 15, 2047.  Notwithstanding the
provisions of Section 303, no sound recording
fixed before February 15, 1972 shall be subject
to copyright under this title before, on, or
after February 15, 2047.

(d)       Nothing in this title annuls or limits any
right or remedies under any other federal
statute.

LEGISLATIVE INTENT SERVICE   (800) 666-1917

Page 65   B-15

STATEMENT BY ASSEMBLYMAN RICHARD KATZ

FOR PRESENTATION OF AB 3483

BEFORE THE ASSEMBLY JUDICIARY COMMITTEE

APRIL 14, 1982

MR. CHAIRMAN AND MEMBERS OF THE COMMITTEE:

THE BILL WHICH I PRESENT TO YOU TODAY, AB 3483, SEEKS TO MODIFY CERTAIN CALIFORNIA COPYRIGHT STATUTES IN CONFORMITY WITH THE FEDERAL COPYRIGHT ACT OF 1976, CALLING FOR PREEMPTION OF COMMON (OR STATE) LAW COPYRIGHT STATUTES.

LAST FALL THIS PROJECT WAS REFERRED TO THE COPYRIGHT COMMITTEE OF THE PATENT, TRADEMARK AND COPYRIGHT SECTION OF THE STATE BAR OF CALIFORNIA BY THE SECTION'S CHAIR, MR. NEIL BOORSTYN, WHO IS WITH US TODAY.  THE COMMITTEE DRAFTED A PROPOSAL WHICH WAS REVIEWED BY PROFESSOR MELVILLE NIMMER OF THE UNIVERSITY OF CALIFORNIA AT LOS ANGELES SCHOOL OF LAW.  THE COMMITTEE, PROFESSOR NIMMER, AND THE STATE BAR OF CALIFORNIA RECOMMEND THE LEGISLATIVE CHANGES ENCOMPASSED WITHIN MY BILL.

WITH ME TODAY ARE TERRANCE FLANIGAN OF THE STATE BAR OF CALIFORNIA AND, AS PREVIOUSLY MENTIONED, MR. NEIL BOORSTYN, CHAIR OF THE STATE BAR'S PATENT, TRADEMARK AND COPYRIGHT SECTION, TO MORE SPECIFICALLY ADDRESS THE ELEMENTS OF AB 3483.

LEGISLATIVE INTENT SERVICE   (800) 666-1917

00577
82066   9:29

MAR 7 - 1982

RECORD #   30 BF:              RN  82 003067   PAGE NO.   1

# AUTHOR'S COPY

### LEGISLATIVE COUNSEL'S DIGEST

Bill No.

as introduced, Katz.

General Subject:  Copyright.

     Existing state law relating to copyright has not
been amended to reflect the enactment of the Federal
Copyright Act of 1976, which became operative on January 1,
1978.  The federal law contains a specific provision
preempting any state law which grants or confers a legal
or equitable right that is equivalent to any of the
exclusive rights within the general scope of copyright in
works of authorship that are fixed in a tangible medium of
expression and come within the subject matter of copyright,
whether created before or after January 1, 1978, and
whether published or unpublished.  Prior to January 1,
1978, state law regulated the copyright of unpublished
works of authorship.

     This bill would repeal existing provisions of

(800) 666-1917

LEGISLATIVE INTENT SERVICE

Case 2:14-cv-07648-PSG-RZ   Document 22-3   Filed 12/19/14   Page 69 of 72   Page ID #:201

state law (relating to the filing and recordation of
original works of authorship, the performance of
unpublished or undedicated operas without consent, the
unauthorized distribution of works copyrighted under
federal law or the common law or state copyright in
unpublished works, joint ownership in unpublished works,
the transfer of ownership in unpublished works, and the
termination of common law copyright) which have become
obsolete in view of the preemption thereof by the Federal
Copyright Act of 1976.

    This bill would provide state copyright
protection for works of authorship not protectable under
federal law, including works of authorship that are not
fixed in any tangible medium of expression, and sound
recordings fixed prior to February 15, 1972, until
February 15, 2047.  (Some recordings fixed in a tangible
medium of expression before February 15, 1972, are not
affected by the preemptive provisions of federal law until
February 15, 2047.)  This bill also would grant exclusive
ownership to the authors of such works of authorship and
would provide for the joint ownership and transfer thereof.

    Article XIII B of the California Constitution
and Sections 2231 and 2234 of the Revenue and Taxation

(800) 666-1917

LEGISLATIVE INTENT SERVICE

Case 2:14-cv-07648-PSG-RZ   Document 22-3   Filed 12/19/14   Page 70 of 72   Page ID #:202

Code require the state to reimburse local agencies and
school districts for certain costs mandated by the state.
Other provisions require the Department of Finance to
review statutes disclaiming these costs and provide, in
certain cases, for making claims to the State Board of
Control for reimbursement.

However, this bill would provide that no
appropriation is made and no reimbursement is required by
this act for a specified reason.

Vote:   majority.   Appropriation:   no.   Fiscal
committee:   yes.   State-mandated local program:   yes.

LEGISLATIVE INTENT SERVICE   (800) 666-1917

| DEPARTMENT | COLL BARG UNIT REV | AUTHOR | BILL NUMBER |
|---|---|---|---|
| Finance | Yes _____ No _X_ | Katz | AB 3483 *COR* |

SUBJECT:

DATE LAST AMENDED

Original

AB 3484 would repeal existing provisions of State copyright law which have been pre-empted by Federal law. The bill would also provide protection for works not protected by Federal law and grant exclusive ownership to authors of specified works created prior to February 15, 1982.

SUMMARY OF REASONS FOR SIGNATURE:

1. This bill makes technical and minor policy changes in the State copyright laws in order to conform with Federal laws.

2. There is no fiscal impact to the State General or Special funds as a result of this bill.

FISCAL SUMMARY

| Department/Agency | FC 1981-82 | FC 1982-83 | FC 1983-84 | FC 1984-85 | Fund |
|---|---|---|---|---|---|
| State Government | ------------------------------None------------------------------ | | | | GF |
| Local Government | ------------------------------None------------------------------ | | | | GF |

ANALYSIS

A. Specific Findings

This bill repeals existing misdemeanor provisions of State law relating to the filing and recordation of original works of authorship, the performance of unpublished or undedicated operas without consent, the unauthorized distribution of works copyrighted under Federal law, common law, or State copyright, et al, which have become obsolete by the Federal Copyright Action of 1976, and provides State copyright protection for works of authorship not protected under Federal law.

No local law enforcement agency is presently staffed to detect all crimes and infractions or to apprehend all violators. It is assumed that current legislative practice which allows local entities to determine their own priorities and emphasis with regard to the enforcement of code violations will apply to the violations or infractions provided for in this act. In addition, Section 2253.2(c)2 of the Revenue and Taxation Code prohibits the Board of Control from considering any claim for reimbursement of local costs based on legislation which created a new crime or infraction. The bill contains a "crimes and infractions" disclaimer.

(continued)

| RECOMMENDATION | PRINCIPAL ANALYST | PROGRAM BUDGET MANAGER |
|---|---|---|
| Sign the bill. | *John S. Boyd* | *B Cutting* 8/17/8v |

| DEPARTMENT REPRESENTATIVE | DATE | DIRECTOR | DATE AUG 17 1982 | DF-1 |
|---|---|---|---|---|

Original signed by

(800) 666-1917    LEGISLATIVE INTENT SERVICE

| AUTHOR | DATE LAST AMENDED | BILL NUMBER |
|--------|-------------------|-------------|
| Katz   | Original          | AB 3483     |

Form DF-44

B. Fiscal Analysis

Legislation which eliminates a new crime or infraction does not constitute a "State-mandated local program," and any costs incurred by local governmental entities pursuant to this act do not require reimbursement under Section 2231 of the Revenue and Taxation Code. A "crimes and infractions" disclaimer is appropriate and is contained in the bill.

There will be no increased costs to State or local government as a result of passage of this bill.

6195G

(800) 666-1917

LEGISLATIVE INTENT SERVICE