Kalpana Srinivasan (SBN 237460)
ksrinivasan@susmangodfrey.com
Steven G. Sklaver (SBN 237612)
ssklaver@susmangodfrey.com
Rohit D. Nath (SBN 316062)
rnath@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

Henry Gradstein (SBN 89747)
hgradstein@gradstein.com
Maryann R. Marzano (SBN 96867)
Mmarzano@gradstein.com
**GRADSTEIN & MARZANO, P.C.**
1801 Century Park East, 16th Floor
Los Angeles, CA 90067
Telephone: (323) 776-3100

Attorneys for Plaintiff Flo & Eddie, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLO & EDDIE, INC., a California corporation, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PANDORA MEDIA, LLC., a Delaware corporation; and DOES 1 through 100,<br><br>Defendant. | Case No. 2:14-cv-07648-PSG (GJSx)<br><br>Hon. Philip S. Gutierrez<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL**<br><br>**(PURSUANT TO JUDGE STANDISH'S COVID-19 EMERGENCY PROCEDURES)**<br><br>**DISCOVERY MATTER**<br><br>Date and Time: TBD<br>Place: Courtroom 640<br>Judge: Gail J. Standish (Magistrate) |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................... ii

TABLE OF DEFINED TERMS ................................................................................ iv

I. INTRODUCTION ........................................................................................... 1

II. BACKGROUND ............................................................................................. 2

    A. Procedural History and Pandora's New MMA Defense ....................... 2

    B. Discovery Requests Regarding the SoundExchange Letter ................. 3

III. ARGUMENT ................................................................................................... 4

    A. Documents Concerning the SoundExchange Letter Are Relevant and Should Be Produced. ..................................................................... 4

    B. Pandora Has Failed to Meet Its Burden of Showing that All Documents Related to the SoundExchange Letter Are Privileged. ........ 5

IV. CONCLUSION ................................................................................................ 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Apple Inc. v. Samsung Elecs. Co.*,
   306 F.R.D. 234 (N.D. Cal. 2015) ........................................................................ 6

*Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*,
   408 F.3d 1142 (9th Cir. 2005) ......................................................................... 5, 6

*Flo & Eddie v. Pandora Media, LLC*,
   789 F. App'x 569 (9th Cir. 2019) ....................................................................... 3

*Green v. Baca*,
   219 F.R.D. 485 (C.D. Cal. 2003) ........................................................................ 6

*Horton v. United States*,
   204 F.R.D. 670 (D. Colo. 2002) ......................................................................... 7

*Mikkelsen Graphic Eng'g Inc. v. Zund Am. Inc.*,
   2009 WL 3061978 (E.D. Wis. Sept. 23, 2009) .................................................. 6

*Paulsen v. Case Corp.*,
   168 F.R.D. 285 (C.D. Cal. 1996) ........................................................................ 4

*Rutherford v. Palo Verde Health Care Dist.*,
   2014 WL 12632904 (C.D. Cal. Dec. 1, 2014) ................................................... 5

*Tyco Healthcare Group LP v. Mutual Pharm. Co., Inc.*,
   2012 WL 1585335 (D.N.J. 2012) ....................................................................... 6

*United States v. Richey*,
   632 F.3d 559 (9th Cir. 2011) .............................................................................. 6

*United States v. Ruele*,
   500 F.3d 600 (9th Cir. 2009) .............................................................................. 6

*Waymo LLC v. Uber Technologies*,
   319 F.R.D. 284 (N.D. Cal. 2017) ........................................................................ 5

**Statutes**

17 U.S.C. § 1401(e) ................................................................................................. 1

**Rules**

Fed. R. Civ. P. 26.................................................................................................. 6

Fed. R. Civ. P. 34.................................................................................................. 6

# TABLE OF DEFINED TERMS

| | |
|---|---|
| "Flo & Eddie" | Plaintiff Flo & Eddie Inc. |
| "July 2019 Payment" | Pandora Media's July 8, 2019 payment to SoundExchange, Inc. |
| "Music Modernization Act" or "MMA" | 2018 Orrin G. Hatch-Bob Goodlatte Music Modernization Act, Pub. L. No. 115-264, 132 Stat. 3676. |
| "Pandora" | Defendant Pandora Media, LLC |
| "SoundExchange Letter" | Letter sent from Pandora Media, LLC, to SoundExchange, Inc., on July 8, 2019 |
| "SoundExchange" | SoundExchange, Inc. |

## I. INTRODUCTION

In this action, Flo & Eddie alleges that Pandora copied and publicly performed pre-1972 sound recordings without paying royalties in violation of California law. This case was filed in 2014. After a series of interlocutory appeals by Pandora that ultimately went nowhere, six years later, in 2020, Pandora filed an amended answer, that asserted a new federal preemption defense under the MMA. ECF No. 69 (Second Affirmative Defense – Preemption Under the MMA). The MMA was enacted in 2018. Under the MMA, Pandora's preemption defense exists only if Pandora proves, among other things, that it made a payment that covers three years' worth of statutory royalties for all copies made and public performances of Flo & Eddie sound recordings. *See* 17 U.S.C. § 1401(e). Pandora filed an anti-SLAPP motion and argued that its June 2019 Payment to SoundExchange satisfies the MMA's requirements. ECF No. 70.

As a result of this newly asserted MMA preemption defense, one of the important, relevant factual disputes at issue is whether Pandora's June 2019 Payment was correctly calculated, because if not, Pandora's preemption defense fails as a matter of law. Pandora, however, refuses to even *search* for certain documents clearly relevant to its calculation of the June 2019 Payment. The final documentation of Pandora's calculation methodology is the SoundExchange Letter. The SoundExchange Letter documents the sound recordings included in the June 2019 Payment, as well as how Pandora identified sound recordings to exclude from the June 2019 Payment. While Pandora has produced the SoundExchange Letter itself, Pandora has categorically *refused* to search for documents *related* to the SoundExchange Letter, including drafts, internal communications, and accounting work leading up to and related to the letter.

Pandora claims that it does not have to search for, produce, or collect all documents related to the SoundExchange Letter because it knows with certainty and

by its mere say-so that *all* such documents are somehow privileged. But during the parties' meet and confers, Pandora acknowledged that it has not collected, let alone reviewed, these documents. Pandora, in fact, refuses to even produce a privilege log to attempt to sustain its privilege claim because, according to Pandora, all the evidence related to the SoundExchange Letter post-dates the filing of this action, and thus, due to that happenstance of time, those relevant documents are deemed "post-litigation" discovery that need not be logged.

This argument makes no sense. Pandora has made the SoundExchange Letter a focal point of this dispute, and it relies on the Letter in its anti-SLAPP motion.[1] Pandora cannot use discovery as a sword, by producing and relying on the SoundExchange Letter, and shield — by (i) refusing to produce other documents related to the SoundExchange Letter, and, at the same time, (ii) refusing to log the evidence Pandora is hiding under the cloak of privilege just because this new evidence relates to a new defense that post-dates the filing of the case. The Court should therefore compel Pandora to produce documents related to the SoundExchange Letter and deem any assertion of privilege waived for failing to produce a log, or, in the alternative, the Court should preclude Pandora from citing to or relying on the SoundExchange Letter in this litigation.

## II.   BACKGROUND

### A.   Procedural History and Pandora's New MMA Defense

This lawsuit was filed in 2014. ECF No. 1. Pandora filed its first anti-SLAPP motion, which this Court denied on February 23, 2015. *See* ECF No. 28. Pandora appealed. ECF No. 30. While the appeal was pending, Congress passed the MMA. The MMA provided for federal preemption of certain state-law copyright claims where a party, *inter alia*, made a payment by June 9, 2019, for three years' worth of

---

[1] See Pandora's Mem. ISO anti-SLAPP Motion ("Pandora's Br."), ECF No. 70-1 at 4, 20-21; Decl. of Pandora Corporate Counsel Christopher J. Norton ("Norton Decl."), ECF No. 70-2 ¶¶ 28-29, 32, 36; Decl. of Rohit D. Nath, Ex. C at 25-28.`

statutory royalties for the period between October 2015 and 2018. Relying exclusively on the SoundExchange Letter, Pandora urged the Ninth Circuit to dismiss Flo & Eddie's lawsuit in its entirety on preemption grounds. *See* Pandora's Supp. Reply Br., No. 15-55287 (9th Cir.), ECF No. 152 at 5-11. The Ninth Circuit declined to do so, remanding this case for, among other things, resolution of whether the MMA applies to this case and, if so, whether Pandora's payment was sufficient to satisfy the MMA's requirements. *See Flo & Eddie v. Pandora Media, LLC*, 789 F. App'x 569, 571-72 (9th Cir. 2019). Upon remand, the Court entered a briefing and discovery schedule for Pandora's renewed anti-SLAPP motion, which was filed on January 21, 2020. ECF Nos. 66, 70.

**B.     Discovery Requests Regarding the SoundExchange Letter**

Flo & Eddie served discovery requesting that Pandora produce documents related to the SoundExchange Letter, including drafts of the letter, communications about the letter, and documents and calculations underlying the methodology described in the SoundExchange Letter. For instance, Flo & Eddie's first request for production seeks "All DOCUMENTS CONCERNING the LETTER and/or referenced therein, including: (a) All drafts of the LETTER; . . . [and] (c) All COMMUNICATIONS, both internal and external, concerning the LETTER." Declaration of Rohit Nath (Nath Decl.), Ex. A. Flo & Eddie's second request for production seeks "DOCUMENTS CONCERNING any payment(s) [Pandora] made concerning PRE-1972 SOUND RECORDINGS, including . . . a) All DOCUMENTS CONCERNING [Pandora's] calculation of any such payment(s)." Nath Decl, Ex. A.

Pandora objected on the grounds that documents concerning the SoundExchange Letter are not relevant and, even if they were, are all protected by attorney-client privilege. Nath Decl, Exs. B, H. Pandora refused to produce a privilege log.

### III. ARGUMENT

By relying on the SoundExchange Letter for its MMA preemption defense, Pandora put the contents of the SoundExchange Letter squarely at issue. As a result, Pandora cannot selectively rely on documentation of the June 2019 Payment (i.e., the SoundExchange Letter itself) while at the same time withholding other documents relevant to Pandora's calculations. Pandora has also failed to meet its burden of showing these documents are privileged.

#### A. Documents Concerning the SoundExchange Letter Are Relevant and Should Be Produced.

Pandora's refusal to produce any documents concerning the SoundExchange Letter, including drafts, communications about the Letter, and work leading up to the Letter, is improper. "A request for discovery should be considered relevant if there is *any* possibility that the information sought may be relevant to the subject matter of the action." *Paulsen v. Case Corp.*, 168 F.R.D. 285, 288 (C.D. Cal. 1996) (emphasis added). A central disputed factual question is whether Pandora properly calculated its $8.9mm June 2019 Payment, and the SoundExchange Letter is the final documentation of Pandora's calculation method. Indeed, Pandora's renewed anti-SLAPP motion relies almost exclusively on the Letter and its attachments in arguing that it satisfied the MMA's notice and payment requirements. *See* Pandora's Br., ECF No. 70-1 at 20-21. Drafts of the SoundExchange Letter, communications about the letter, and accounting conclusions contained therein likely contain formulas, inputs, adjustments, analysis, commentary and further description of Pandora's methodology for identifying sound recordings subject to the statutory payment and calculating the final amount of the payment.

The SoundExchange Letter, for example, details Pandora's methodology for determining certain sound recordings to *exclude* from the June 2019 Payment, including Flo & Eddie recordings, because Pandora believed those recordings were

4

covered by agreements between Pandora and certain music labels. Nath Decl, Ex. C at 25-28. Pandora's internal communications about the SoundExchange Letter may show that certain recordings were improperly excluded from the June 2019 Payment, and thus that Pandora's payment failed to cover *all* royalties for pre-1972 sound recordings during the three-year period. And the documents created in the work preceding the letter—for example, spreadsheets matching royalty rates to sound recordings—may also reveal errors in Pandora's accounting methodology. Documents referenced in the SoundExchange Letter that Pandora has not produced include the "detailed ownership data from the Major Labels" that Pandora used to determine which sound recordings to exclude from the June 2019 Payment. As a result, discovery related to the SoundExchange Letter is relevant to Pandora's claims, and it is well-known that "[t]he test of relevance in the discovery context is a very broad one." *Rutherford v. Palo Verde Health Care Dist.*, 2014 WL 12632904, at *2 (C.D. Cal. Dec. 1, 2014).

### B. Pandora Has Failed to Meet Its Burden of Showing that All Documents Related to the SoundExchange Letter Are Privileged.

Pandora's blanket assertion of privilege over a category of documents that it admits it has not collected or reviewed is beyond insufficient. The party asserting attorney-client privilege "has the burden of establishing the relationship and privileged nature of the communication." *See Waymo LLC v. Uber Technologies*, 319 F.R.D. 284, 290 (N.D. Cal. 2017). Pandora has provided no factual support for its blanket privilege assertion; Pandora has merely asserted that all responsive documents are privileged because the SoundExchange Letter was drafted by Pandora's outside counsel. Such blanket refusals do not establish privilege, and the mere fact that an attorney is involved in a communication does not establish its status as legal advice. *See Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005) ("We hold that boilerplate objections or

5

blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient to assert a privilege."); *see also United States v. Ruele*, 500 F.3d 600, 608 (9th Cir. 2009) (listing the provision of legal advice as an essential element of attorney-client privilege).

Moreover, Pandora cannot satisfy its burden to prove why all documents related to the SoundExchange Letter, such as accounting spreadsheets or other documents Pandora relied on to calculate its final July 2019 Payment would *ever* be subject to attorney-client privilege. *See United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011) ("If the advice sought is not legal advice, but, for example, accounting advice from an accountant, then the privilege does not exist.").

Without a privilege log, Pandora cannot meet its burden of establishing facts supporting its categorical privilege claims. *See Green v. Baca*, 219 F.R.D. 485, 491 (C.D. Cal. 2003) (concluding that a party must make a "particularized showing" that documents are privileged to meet its burden). Pandora argues that it should not be required to log any privileged communications related to the SoundExchange Letter because those communications took place after Flo & Eddie filed this lawsuit in 2014. This makes no sense because Pandora is *relying* on post-complaint facts (i.e., the June 2019 Payment) as a reason to dismiss this case. Pandora is not inoculated from Rule 26 discovery obligations just because it puts post-complaint facts at issue. *See Burlington*, 408 F.3d at 1149; *Green*, 219 F.R.D. at 491; *see also Apple Inc. v. Samsung Elecs. Co.*, 306 F.R.D. 234, 237 (N.D. Cal. 2015) ("The failure to substantiate privilege in a log also may waive the privilege.").

Contrary to Pandora's position here, courts regularly require parties to log post-complaint communications. *See, e.g.*, *Tyco Healthcare Group LP v. Mutual Pharm. Co., Inc.*, 2012 WL 1585335, *3-*4 (D.N.J. 2012) ("The Court finds that Tyco has not provided any persuasive legal support for its proposition that a privilege log post-complaint is not required."); *Mikkelsen Graphic Eng'g Inc. v. Zund Am. Inc.*,

MEMORANDUM OF POINTS & AUTHORITIES ISO OF MOTION TO COMPEL

7286947v1/015435

2009 WL 3061978, at *2 (E.D. Wis. Sept. 23, 2009) (rejecting the argument that a post-filing privilege log is not required). "Moreover, common sense dictates that even post-filing correspondence and materials exchanged between lawyer and client must be listed on the privilege log. It is certainly possible that such a document might be copied to a third party, thus destroying any privilege that otherwise would attach." *Horton v. United States*, 204 F.R.D. 670, 673 (D. Colo. 2002). As a result, Pandora's argument that it is not required to log documents it is withholding from production related to the SoundExchange Letter fails.

## IV.  CONCLUSION

Pandora has put the SoundExchange Letter and its contents at issue in this dispute by relying on the letter to assert an affirmative defense of preemption based on the MMA. Pandora also cannot satisfy its burden to prove that all of these documents related to the SoundExchange Letter – including all of the mathematical inputs behind it – are somehow attorney-client privileged, and Pandora's knowing refusal to produce a privilege log to substantiate its privilege claim waives any alleged privilege. As a result, documents concerning the SoundExchange Letter are relevant to Pandora's asserted defense, and Pandora should produce them, or, as a result of its failure to make this production, Pandora should be barred from relying on the SoundExchange Letter and anything related to it in this litigation.

Dated: April 20, 2020

**SUSMAN GODFREY L.L.P.**
KALPANA SRINIVASAN
STEVEN G. SKLAVER
ROHIT D. NATH

*/s/ Rohit Nath*
Rohit D. Nath

Attorneys for Plaintiff Flo & Eddie, Inc.