UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-7648 PSG (GJSx) | Date | July 25, 2023 |
|---|---|---|---|
| Title | Flo & Eddie, Inc. v. Pandora Media, LLC | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Damon Berry | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):** Order GRANTING Defendant's motion for summary judgment.

Before the Court is a motion for summary judgment filed by Defendant Pandora Media, LLC ("Pandora"). *See generally* Dkt. # 153 ("*Mot.*"). Plaintiff Flo & Eddie, Inc. ("Flo & Eddie") opposed, *see generally* Dkt. # 164 ("*Opp.*"), and Pandora replied, *see generally* Dkt. # 176 ("*Reply*"). After considering the parties' moving, opposing, and reply papers, as well as the statements made at the hearing on July 21, 2023, the Court **GRANTS** Pandora's motion for summary judgment.

I.  Background

This case is one of many lawsuits brought by Flo & Eddie, seeking to hold internet and satellite radio services liable for the unauthorized public performance and reproduction of its sound recordings that were fixed prior to February 15, 1972. *See generally Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, 9 F.4th 1167 (9th Cir. 2021) ("*Sirius (Cal.)*"); *Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, 827 F.3d 1016 (11th Cir. 2016) ("*Sirius I (Fla.)*"); *Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, 821 F.3d 265 (2d Cir. 2016) ("*Sirius I (N.Y.)*").[1] And because Congress at the time the case was filed had not extended federal copyright protection to owners of pre-1972 sounds recordings, this is one of the few instances in which state, rather than federal, copyright law governs. *See* 17 U.S.C. § 301(c); *see also* Copyright Act, Pub. L. No. 94-553, 90 Stat. 2541

---

[1] Pandora also brings two unopposed requests for judicial notice in support of its moving and reply papers. *See* Dtks. # 154, 177. Judicial notice is warranted here. The proffered exhibits are court records or other matters of public record "whose accuracy cannot reasonably be questioned," Fed R. Evid. 201(b)(2), and the facts contained within are not "subject to reasonable dispute," *see Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) (citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-7648 PSG (GJSx) | Date | July 25, 2023 |
|---|---|---|---|
| Title | Flo & Eddie, Inc. v. Pandora Media, LLC | | |

(codified as amended at 17 U.S.C. § 102(a)(7)) (extending federal copyright protection to sound recordings).

### A. Factual Background

Flo & Eddie is a corporation owned by two of the founding members of The Turtles, a 1960s music group known for recording several hit songs, including the iconic track "Happy Together." *See First Amended Complaint*, Dkt. # 141 ("*FAC*"), ¶¶ 4 7. Flo & Eddie now owns all the rights to The Turtles' master sound recordings. *See id.*

Since its inception in 2005, Pandora has operated some of the most popular internet radio services, which digitally transmit sound recordings from regional servers to end-users' devices across the United States. *See Statement of Uncontroverted Facts*, Dkt. # 153-3 ("*SUF*"), ¶¶ 1, 2, 7, 18. Pandora offers two types of non-interactive radio services that are at issue in this case: (1) Free Pandora, an ad-supported radio service; and (2) Pandora Plus, an ad-free subscription radio service. *Id.* ¶¶ 2 3. Free Pandora and Pandora Plus function like radio; specifically, neither allow users to play a particular song on demand or download and retain a copy of any sound recording played. *Id.* ¶¶ 4, 30, 34 35. But, unlike radio, Pandora tracks users' music preferences and allows users to create up to 100 stations fitted toward those preferences. *See Statement of Genuine Issues in Opposition to Defendant Pandora Media, LLC's Motion for Summary Judgment*, Dkt. # 164-5 ("*SGI*"), ¶¶ 36 37.

To facilitate its digital transmissions, Pandora makes various permanent and temporary copies of a given sound recording. For example, for each sound recording it purchases and plays, Pandora creates one permanent archival copy and one permanent back-up copy for disaster recovery and retains both in perpetuity. *See SUF* ¶¶ 10 12. Pandora also creates several additional internal copies that are retained as necessary to broadcast the sound recordings to end users regardless of their location and the device they might be using. *See id.* ¶¶ 14 21. Finally, every time a sound recording is played, Pandora creates a temporary cache copy and an ephemeral streaming copy that is held only for the duration of the playback and is functionally necessary for the recording to be transmitted and heard over the internet.[2] *See id.* ¶¶ 22 30.

---

[2] Except for the single back-up copy, Flo & Eddie does not dispute that all other copies are necessary for Pandora to broadcast its sound recordings. *See SGI* ¶¶ 7, 14, 16, 20, 23, 28, 31. But Flo & Eddie fails to cite to evidence that raises a genuine dispute regarding the necessity of Pandora's back-up copies. *See id.* ¶¶ 7, 28. As such, the Court treats this fact as undisputed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-7648 PSG (GJSx) | Date | July 25, 2023 |
|---|---|---|---|
| Title | Flo & Eddie, Inc. v. Pandora Media, LLC | | |

Pandora's process for copying and transmitting sound recordings is the same regardless of whether the sound recording was fixed before or after February 15, 1972. *See id.* ¶¶ 6, 32. But, before Congress amended the federal copyright code in 2018, Pandora did not seek permission or pay royalties for the exploitation of pre-1972 sound recordings.

B. Procedural History

Flo & Eddie brought this action against Pandora almost nine years ago on behalf of itself and other owners of pre-1972 sound recordings, seeking royalties under California statutory and common law for Pandora's unauthorized reproduction, public performance, and distribution of these recordings. *See Complaint*, Dkt. # 1 ("*Compl.*"), ¶¶ 22, 31. Flo & Eddie alleges the following four causes of action: (1) violation of California Civil Code § 980(a)(2); (2) misappropriation; (3) violation of California Business and Professions Code § 17200; and (4) conversion. *See generally id.* Each of which requires Flo & Eddie to prove that Pandora infringed a viable copyright under California law. *See Mot.* 8:19 24.

In December 2014, Pandora filed its first motion to strike under California's statute against "strategic litigation against public participation" ("SLAPP"), which the Court denied in February 2015, and Pandora immediately appealed. *See* Dkts. # 22, 28, 30. At the time of its appeal, the Second and Eleventh Circuits were considering similar copyright claims brought by Flo & Eddie against Sirius XM Radio under New York and Florida laws. *See generally Sirius I (N.Y.)*, 821 F.3d 265 (certifying questions to New York Court of Appeals); *Sirius I (Fla.)*, 827 F.3d 1016 (certifying questions to the Florida Supreme Court).[3] And following in the circuits' footsteps, the Ninth Circuit certified two questions to the California Supreme Court. *See Flo & Eddie, Inc. v. Pandora Media, Inc.*, 851 F.3d 950, 951, 955 (9th Cir. 2017) ("*Pandora I*"). Specifically, the court asked "[w]hether section 980(a)(2) or California common law extended an exclusive right of public performance to owners of pre-1972 sound recordings." *Id.* at 953.

These questions remained before the California Supreme Court for two years. During that time, Congress passed the Orrin G. Hatch-Bob Goodlatte Music Modernization Act ("MMA"), Pub. L. No. 115 264, 132 Stat. 3676 (2018), which extended federal copyright protection to pre-1972 sound recordings. As such, the California Supreme Court concluded that

---

[3] In both cases, the New York Court of Appeals and Florida Supreme Court answered the certified questions. *See generally Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, 28 N.Y.3d 583 (2016) ("*Sirius II (N.Y.)*"); *Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, 229 So.3d 305 (Fla. 2017) ("*Sirius II (Fla.)*").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-7648 PSG (GJSx) | Date | July 25, 2023 |
|---|---|---|---|
| Title | Flo & Eddie, Inc. v. Pandora Media, LLC | | |

"resolution of the questions posed by the Ninth Circuit Court of Appeals [were] no longer necessary to settle an important question of law" and "dismiss[ed] consideration of the questions." *Flo & Eddie, Inc. v. Pandora Media, Inc.*, No. S240649, 2019 WL 5797219, at *1 (Cal. May 22, 2019). The Ninth Circuit, accordingly, vacated the Court's February 2015 order and remanded the action. *See Flo & Eddie, Inc. v. Pandora Media, LLC*, 789 F. App'x 569, 572 (9th Cir. 2019) ("*Pandora II*").

On remand, Pandora filed a renewed motion to strike under California's anti-SLAPP statute, which the Court denied on October 22, 2020, and Pandora again appealed. *See* Dkts. # 115, 117. Meanwhile, this Court granted summary judgment to Flo & Eddie in a related case against Sirius XM after considering nearly identical claims and concluding that California afforded owners of pre-1972 sound recordings an exclusive right in the public performance in their recordings. *See Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, No. CV 13-5693 PSG (RZx), 2014 WL 4725382, at *3 10 (C.D. Cal. Sept. 22, 2014). Sirius XM appealed, and the Ninth Circuit stayed appellate proceedings in this case. *See generally* Dkt. # 124.

In August 2021, the Ninth Circuit reversed this Court's grant of summary judgment in *Sirius (Cal.)*, 9 F4th 1167. Notably, the court concluded, after analyzing California's civil code and common law, that owners had an exclusive reproduction right in pre-1972 sound recordings but no exclusive public performance right. *See id.* at 1172 77.

On June 2, 2022, the Ninth Circuit affirmed this Court's order denying Pandora's renewed anti-SLAPP motion, agreeing that Pandora failed to meet its initial burden of proving that its broadcasting was a "protected activity." *See Flo & Eddie, Inc. v. Pandora Media, LLC*, No. 20-56134, 2022 WL 1800780, at *2 (9th Cir. June 2, 2022) ("*Pandora III*"). It also took note of Pandora's "forceful" argument that the *Sirius* cases have rendered this case meritless. *See id.* And while declining to reach the merits of Flo & Eddie's copyright challenge, the court instructed this Court "to consider expedited motions practice on the legal validity of Flo & Eddie's claims in light of intervening precedent." *Id.* (citing to the *Sirius* cases that address similar public performance and reproduction claims under California, New York, and Florida state law).

On September 29, 2022, Flo & Eddie filed its *FAC*, raising the same four causes of action based solely on Pandora's "unauthorized reproduction of [pre-1972] sounds recordings for financial gain" through its creation of permanent server and transmission copies of such recordings. *FAC* ¶¶ 1, 3. Pandora answered, *see generally* Dkt. # 148, and shortly thereafter brought this motion for summary judgment, *see generally Mot.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-7648 PSG (GJSx) | Date | July 25, 2023 |
|---|---|---|---|
| Title | Flo & Eddie, Inc. v. Pandora Media, LLC | | |

III.   Discussion

Flo & Eddie's action against Pandora is the last case standing.  As previously mentioned, this is just one of a series of lawsuits filed by Flo & Eddie claiming that satellite and internet radio providers, like Pandora, violated state copyright laws by failing to pay for the reproduction and public performance of pre-1972 sound recordings.  *See Mot.* 14:28 – 16:2.  Despite facing nearly identical twin claims, *see Reply* 3:10 – 17, most courts have focused predominantly on one question: does state statutory or common law provide owners of pre-1972 sound recordings an exclusive right of public performance?  *See, e.g.*, *Sirius I (N.Y.)*, 821 F.3d at 270 n.4 (concluding that the copying claims are intertwined with the public performance right).  One after another, federal circuit courts and state Supreme Courts answered with a resounding "no."  *See, e.g.*, *Sirius (Cal.)*, 9 F.4th at 1177; *Sirius II (N.Y.)*, 28 N.Y.3d at 610.

Flo & Eddie has since repackaged its previous *public performance* right claims as *reproduction right* claims.  *See generally FAC*.  And after losing under New York and Florida law, Flo & Eddie hopes its claims will fare better in California.  *See Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, 849 F.3d 14, 17 ("*Sirius III (N.Y.)*") (remanding case with instructions to grant summary judgment to Sirius XM); *Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, 709 Fed. Appx. 661 (11th Cir. 2018) ("*Sirius III (Fla.)*") (affirming lower court grant of summary judgment). Notably, California has codified common law copyright in section 980 of its Civil Code and granted owners of pre-1972 sound recordings "exclusive ownership" rights, which include the right of reproduction but not public performance.  *See* Cal. Civ. Code § 980(a)(2); *Sirius (Cal.)*, 9 F.4th at 1175 – 77.

Pandora once again "forcefully" argues that Flo & Eddie's newly tailored claims are foreclosed by *Pandora I* and the *Sirius* cases.  *See Mot.* 9 – 15; *Reply* 2 – 7; *Pandora III*, 2022 WL 1800780, at *2.  In opposing summary judgment, Flo & Eddie argues that prior caselaw does not settle its copying claims because those claims hinge on an independent, and well-established, right of reproduction.  *See Opp.* 1:2 – 23 ("Pandora's *copying* of Flo & Eddie's recordings is a different matter altogether.").

Indeed, the Court pauses to acknowledge that Flo & Eddie's argument tracks how copyright ownership is generally understood to operate under federal and state law.  "Copyright ownership is comprised of a bundle of rights" with each right analogized to a single stick in that bundle.  *Effects Assocs., Inc. v. Cohen*, 908 F.2d 555, 559 (9th Cir. 1990); *accord Andy Warhol Found. for the Visual Arts, Inc. v. Goldsmith*, 143 S. Ct. 1258, 1273 (2023).  Infringing conduct can thus implicate one stick or the entire bundle.  But in the context of the reproduction right,

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-7648 PSG (GJSx) | Date | July 25, 2023 |
|---|---|---|---|
| Title | Flo & Eddie, Inc. v. Pandora Media, LLC | | |

confusion arises because conduct often infringes upon an additional right, like those of public performance, distribution, or display. *See Opp.* 9–11 (citing to cases, like *A&M Records, Inc. v. Heilman*, 75 Cal. App. 3d 554 (1977), that involve unauthorized reproduction and distribution of a sound recording for profit). Nonetheless, the reproduction right is a stick inside of this bundle that is independent from the rest. *See* 5 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* ("*Nimmer on Copyright*"), § 8.02[C] & n.45.

Viewing copyright through this lens, the Court is inclined to agree with Flo & Eddie, especially with regard to Pandora's permanent copies. It is commonly understood that one infringes a copyright owner's reproduction right by making one or more unauthorized copies or phonorecords "even if [they are] used solely for the private purposes of the reproducer, or even if the other uses are licensed." *Id.* at § 8.02[C]; *see also id.* at n. 45 (collecting cases under common law and the current Act). It thus should not matter whether the copies of Flo & Eddie's sound recordings were used by Pandora for internal purposes to facilitate the performance of Flo & Eddie's works.[4] *See Mot.* 12:9–16.

But courts across this country that have considered the issue do not agree, finding instead that Flo & Eddie's copying claims rise and fall with the public performance right. For example, the Second Circuit rejected Flo & Eddie's reproduction claims, explaining that whether Sirius's internal copying "separately constitutes infringement" or "whether, instead, such copying is fair use" is "bound up with whether *the ultimate use of the internal copies is permissible*." *Sirius I (N.Y.)*, 821 F.3d at 270 n.4 (emphasis added); *Sirius III (N.Y.)*, 849 F.3d at 16–17 (citing to *Sirius I (N.Y.)*). As such, the Second Circuit concluded that the absence of a public performance right under New York law was "*determinative*" of Flo & Eddie's copying claims. *See Sirius N.Y. II*, 849 F.3d at 17. Once the New York Court of Appeals had rejected the public performance right, the Second Circuit remanded the case to the district court with instructions to grant summary judgment in favor of Sirius XM and dismiss the action with prejudice. *See id.*; *see also Sirius II (N.Y.)*, 28 N.Y.3d at 603.

---

[4] Persuasively, federal copyright law created, for this very reason, 17 U.S.C. § 112(e), which statutorily authorizes limited copying of a sound recording when one has acquired a license to publicly perform a sound recording. *See Copyright Treaties Implementation Act: Hearing on H.R. 2281 Before the H. Comm. on Com., H. Subcomm. on Telecomms., Trade and Consumer Prot.,* 105th Cong. (1998) (Title III of Changes in Existing Law Made by the Bill, as Reported) (recognizing that without such an exemption, copies made in connection with a licensed public performance could violate other rights under the Copyright Act); *see also Opp.* 24.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-7648 PSG (GJSx) | Date | July 25, 2023 |
|---|---|---|---|
| Title | Flo & Eddie, Inc. v. Pandora Media, LLC | | |

In lockstep with *Sirius (N.Y)*, the Eleventh Circuit certified four questions to the Florida Supreme Court. *See generally Sirius I (Fla.)*, 827 F.3d 1016. Relevant here, it asked not only about the public performance right, but also whether Sirius's back-up or buffer copies ― which are functionally equivalent to Pandora's copies ― infringed an exclusive right of reproduction under Florida common law. *See id.* at 1025; *see also Mot.* 15; *Reply* 3. The Florida Supreme Court answered in the negative, relying in part on the fact that "the ultimate use of the internal copies" for public performance was "permissible." *Sirius II (Fla.)*, 229 So.3d at 320 (citing *Sirius I (N.Y.)*, 821 F.3d at 270 n.4).

From the Court's view, it is unclear whether resolution of Flo & Eddie's copying claims under New York and/or Florida law was premised on the scope of the reproduction right or a fair use analysis. *But see Pandora III*, 2022 WL 1800780, at *2 (inferring that *Sirius III (N.Y.)* decided the copying was fair use). In any event, context clearly mattered, as both the New York and Florida courts prioritized "[t]he understanding and expectations of society," including those of satellite and internet radio providers, to determine "what falls within the common-law copyright protection." *See, e.g.*, *Sirius II (N.Y.)*, 28 N.Y.3d at 603. The New York Court of Appeals and Second Circuit emphasized that Flo & Eddie's suit threatened the well-settled expectations of radio broadcasters, who for years had relied on a general understanding that they could publicly perform pre-1972 sound recordings and make the necessary copies to facilitate those performances. *See id.* at 603―05; *Sirius I (N.Y.)*, 821 F.3d at 270. And in the Florida case, the state Supreme Court found it instructive that Florida's statute penalizing record piracy exempted those who made copies to facilitate radio broadcast transmissions. *See Sirius II (Fla.)*, 229 So.3d at 320.

Against this backdrop, the Ninth Circuit certified the public performance right questions to the California Supreme Court in *Pandora I* and ultimately decided *Sirius (Cal.)*. While Flo & Eddie argues that the Ninth Circuit's opinions have no effect on this motion because they only considered its public performance claims, the Court sees it differently.

Both *Sirius (Cal.)* and *Pandora I* address, either directly or indirectly, Flo & Eddie's reproduction claims and resolve them. Although reproduction was a peripheral issue on appeal, the *Sirius (Cal.)* court stated that "common-law copyright protection prevents only the unauthorized reproduction of the copyrighted work" before going on to say, "Sirius does not . . . reproduce . . . Flo & Eddie's sound recordings." *See* 9 F.4th at 1175, 1176 (citation omitted). And it arrived at this conclusion only after surveying the related *Sirius* cases and instructing that New York's copyright statute "served as a template" for California's. *See id.* at 1171―72, 1174―75 (citing to the *Sirius (N.Y.)* and *Sirius (Fla.)* cases). Further, in *Pandora I*, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-7648 PSG (GJSx) | Date | July 25, 2023 |
|---|---|---|---|
| Title | Flo & Eddie, Inc. v. Pandora Media, LLC | | |

Ninth Circuit held that answers to its certified questions concerning the public performance right would "determine the outcome of [the] appeal" *and* "dispose of Flo & Eddie's underlying claims." *Pandora I*, 851 F.3d at 955; *see also id.* at 957 ("Resolving these questions will dispose of this appeal and determine the merits of Flo & Eddie's underlying claims"). As Pandora makes clear in its papers and at the hearing, those "underlying claims" necessarily included the copying claims at issue here since they were briefed and addressed at oral argument. *See Mot.* 11; *Reply* 2 (citing *Compl.*).

The Court is, therefore, convinced that *Pandora I* and *Sirius (Cal.)* — and, specifically, their treatment of Flo & Eddie's copying claims — determine the outcome of this motion. *See Rocky Mountain Farmers Union v. Corey*, 913 F.3d 940, 951 (9th Cir. 2019) ("[The] law of the case doctrine generally precludes reconsideration of an issue that has already been decided by the same court, or a higher court in the identical case. . . . [A]n issue [is] controlled by the law of the case" if it was "decided explicitly or by necessary implication." (citations omitted)); *see also United States v. Johnson*, 256 F.3d 895, 914 (9th Cir. 2001) (en banc) ("Where a panel confronts an issue germane to the eventual resolution of the case and resolves it after reasoned consideration in a public opinion, that ruling becomes the law of the circuit.").

Finally, to the extent Flo & Eddie argues that New York and Florida common law do not inform the outcome of this matter under California law, its reasons are unpersuasive. The Ninth Circuit said California's copyright law follows New York. *See Sirius (Cal.)*, 9 F.4th at 1174–75. Thus, the Court's conclusion here, as in *Sirius (Cal.)*, would logically follow the New York *Sirius* case. *See* 9 Cal. F. 4th at 1174–75. Further, the same societal expectations considered by the New York Court of Appeals in *Sirius II (N.Y.)* are indeed present. *See* 28 N.Y.3d at 603. And, like Florida, California has Cal. Penal Code § 653h that similarly criminalizes record piracy except when done for radio broadcasting, which the Court is persuaded would apply to Pandora's copying.[5] *See Reply* 4. Most importantly, however, the Ninth Circuit in *Pandora III* explicitly referred to these cases, and their resolution of the copying claims, as "*intervening precedent*" and directed the Court to consider their effect on the legal validity of the claims against Pandora. *See* 2022 WL 1800780, at *2 (emphasis added).

---

[5] Notably, California has never pursued criminal charges against any internet or satellite radio provider for its internal copying of pre-1972 sound recordings. *See Reply* 4:25–7:15. And along with the Florida Supreme Court, the Georgia Supreme Court in *iHeartMedia, Inc. v. Sheridan*, 300 Ga. 771 (2017), similarly interpreted the radio broadcasting exception broadly to include internet radio providers. *Id.* at 773. The Court sees no justification for reaching a different conclusion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 14-7648 PSG (GJSx) | Date | July 25, 2023 |
|---|---|---|---|
| Title | Flo & Eddie, Inc. v. Pandora Media, LLC | | |

The Ninth Circuit has all but said that Flo & Eddie's copying claims against Pandora fail as a matter of law. Thus, even if the Court would like to independently consider these claims, its "hands are tied." In the absence of an exclusive right to publicly perform its pre-1972 sound recordings, *see Sirius (Cal.)*, 9 F.4th at 1176 77, Flo & Eddie has no viable copyright claim against Pandora. As such, its related state law claims also fail. Pandora is therefore entitled to summary judgment.[6]

IV.   Conclusion

For the foregoing reasons, the Court **GRANTS** Pandora's motion for summary judgment. This order closes the case.

**IT IS SO ORDERED.**

---

[6] The Court does not consider the parties' fair use arguments. Accordingly, the Court **OVERRULES AS MOOT** Pandora's evidentiary objections to Flo & Eddie's expert and does not consider the supplemental authority filed in support of Flo & Eddie's fair use argument. *See* Dkts. # 176-3, 192.